REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-69 |
| | ) |
| DAVID MATUSIEWICZ, | ) |
| | ) |
| Defendant. | ) |

SEALED (unsealed RPG 5/1/2008)

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### Introduction

1. At all times relevant to this Indictment, Wilmington Savings Fund Society ("WSFS") Bank was a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (or "FDIC").

### COUNT ONE

### Scheme and Artifice to Defraud

2. In or about August 2007, the defendant, David Matusiewicz, devised a scheme and artifice to defraud WSFS Bank, a federally insured financial institution, and to obtain funds owned by or under the custody or control of WSFS Bank, by means of false and fraudulent pretenses, representations, and promises.

3. It was part of the scheme and artifice to defraud that the defendant applied to WSFS Bank for a home equity loan in the principal amount of $249,000, secured by real property located at 1424 Norva Drive, Middletown, Delaware.

4. Pursuant to WSFS Bank policy, a WSFS banking representative informed the defendant that

the bank would need to obtain the signatures of all persons whose names were on the deed to the Norva Drive property, and that each of those persons would need to sign various closing documents regarding the loan. At the time this loan process was taking place, the name of both the defendant and his ex-wife, C.M., were on the deed to the Norva Drive property. Therefore, both the defendant and C.M. were required to sign the closing documents in order for the loan to be granted by WSFS Bank.

5. It was further a part of the scheme that on August 15, 2007, the defendant arranged to meet with a WSFS bank representative at the defendant's office in order to sign the closing documents. The defendant did not tell the bank representative, who believed that the defendant and his ex-wife were still married, that the two were in fact divorced. Instead, the defendant signed the closing documents and falsely and fraudulently indicated that C.M. was in another room at the office, when in fact C.M. was not present in the defendant's office on August 15, 2007.

6. It was further part of the scheme that the defendant left the room where the bank representative was seated and later returned, presenting the representative with the closing documents that purported to be signed and initialed by C.M.

7. It was further part of the scheme that the defendant had, in fact, falsely and fraudulently forged or caused to be forged C.M.'s signature and initials on these closing documents.

### Charging Paragraph

8. In or about August 2007, in the State and District of Delaware, David Matusiewicz, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud WSFS Bank, a federally insured financial institution, as described more fully in paragraphs 2-7 above, incorporated herein by reference, and in execution of the scheme, on or about August 15, 2007, forged or caused to be forged the name and initials of C.M. on closing documents regarding a home equity loan in the principal amount of $249,000, secured by real property located at 1424 Norva Drive, Middletown,

Delaware, knowing that the forged documents were fraudulent, all in violation of Title 18, United States Code, Section 1344.

## COUNT TWO

9. On or about August 15, 2007, in the State and District of Delaware, David Matusiewicz, defendant herein, knowingly made material false statements for the purpose of influencing the action of WSFS Bank, an institution the accounts of which are insured by the FDIC, in connection with a home equity loan in the principal amount of $249,000, secured by real property located at 1424 Norva Drive, Middletown, Delaware, in that the defendant forged or caused to be forged the name and initials of C.M. onto various loan closing documents, when in truth and in fact, as the defendant well knew, C.M. had not signed or initialed those documents, in violation of Title 18, United States Code, Section 1014.

A TRUE BILL:

Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _Christopher J. Burke_
Christopher J. Burke
Assistant United States Attorney

Dated: April 22, 2008