# United States District Court
## District of Delaware
## At Wilmington

Crim. No. 1:08-cr-69-GMS-1
Civil No.

UNITED STATES OF AMERICA,

*Plaintiff-Respondent,*

vs.

DAVID MATUSIEWICZ,

*Defendant-Movant.*



MAY  3 2011

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

THE  HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

## MEMORANDUM IN SUPPORT OF
## MOTION TO VACATE SENTENCE
## PURSUANT TO 28 U.S.C. § 2255

DAVID MATUSIEWICZ
81910-004
P.O. Box 1010
Bastrop, TX 78602

# TABLE OF CONTENTS

**Page:**

Table of Contents ................................................................................................. ii

Table of Authorities ...............................................................................................

Memorandum in Support of Section 2255 Motion .................................................. 1

Statement of Facts ................................................................................................. 1

Issues Presented .................................................................................................... 2

Argument:

**1.)  THE CONVICTION AND/OR SENTENCE OF MR. MATUSIEWICZ IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL** ............................................................................... 6

**1A.)  The Performance Of Counsel For Mr. Matusiewicz Fell Below An Objective Standard Of Reasonableness During The Pretrial, Plea, Sentencing And Direct Appeal Process** ........................... 6

**1B1.)  Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Introduce The Testimony Of Mr. Matusiewicz' Sister And Mother To Further Demonstrate That His Daughter Was Being Sexually Abused By Her Mother And Failed To Timely And Properly Move For Downward Departure Or Downward Variance On This Grounds** .......................................................................................... 18

**1B2.)  Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Grounds That The Bank Suffered No Actual Loss From Bank Fraud** ............................................................................................. 29

**1B3.)  Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Basis Of "Victim's Conduct" Involved In Both Counts Of Conviction**................................................................................................ 34

**1B4.)  Mr. Matusiewicz Was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Plea, Sentencing And Direct Appeal Process**........................... 39

**2.)   AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THIS COURT** ............................................. 41

Conclusion ................................................................................................. 44

Certificate of Filing ................................................................................. 45

Verification of Exhibits ........................................................................... 46

**Appendix:**

Presentence Report ................................................................. A

Judgment and Commitment Order ........................................ B

District Court Docket Sheets .................................................. C

Affidavit of Lenore Matusiewicz ........................................... D

Affidavit of Amy Gonzalez ..................................................... E

*United States v. David Matusiewicz,*
No. 09-4675; 2010 U.S. App. LEXIS 24135 (3rd Cir. 11-23-10) ................ F

Family Court Order 8-23-07 ................................................... G

# TABLE OF AUTHORITIES

## Cases

*Agan v. Dugger,*

   *835 F.2d 1337, 1338 (11th Cir.1987)* .................................................................... *41*

*Alcala v. Woodford,*

   *334 F.3d 862; 2003 U.S. App. LEXIS 13039 (9th Cir. 2003)* .................................. *26*

*Anderson v. Johnson,*

   *338 F.3d 382; 2003 U.S. App. LEXIS 13778 (5th Cir. 2003)* .................................. *16*

*Auman v. United States,*

   *67 F.3d 157 (8th Cir. 1995)* ................................................................................... *22*

*Ballard v. United States,*

   *400 F.3d 404; 2005 U.S. App. LEXIS 4002 (6th Cir. 2005)* .................................... *23*

*Brown v. Myers,*

   *137 F.3d 1154 (9th Cir. 1998)* .................................................................................. *9*

*Bruce v. United States,*

   *256 F.3d 592; 2001 U.S. App. LEXIS 15054 (7th Cir. 2001)* .............................. *9, 10*

*Buenoano v. Singletary,*

   *963 F.2d 1433; 1992 U.S. App. LEXIS 12462 (11th Cir. 1992)* .............................. *41*

*Burley v. Cabana,*

   *818 F.2d 414 (5th Cir. 1987)* ................................................................................... *23*

*Canada v. Blain's Helicopters, Inc.,*

   *831 F.2d 920, 925 (9th Cir. 1987)* ............................................................................. *2*

*Carter v. Bell,*

   *218 F.3d 581 (6th Cir. 2000)* ................................................................................... *27*

iv

*Ciak v. United States,*

   *59 F.3d 296, 306-07 (2nd Cir. 1995)* ............................................................... *41, 43*

*Ellison v. United States,*

   *324 F.2d 710; 1963 U.S. App. LEXIS 3595 (10th Cir. 1963)* ................................. *41*

*Enriquez v. Procunier,*

   *752 F.2d 111, 115; 1984 U.S. App. LEXIS 15667 **10-11 (5th Cir. 1984)* .............................. *2*

*Evans v. Cockrell,*

   *285 F.3d 370; 2002 U.S. App. LEXIS 3672 (5th Cir. 2002)* ..................................... *26*

*Foster v. Lockhart,*

   *9 F.3d 722 (8th Cir. 1993)* ................................................................................ *9, 27*

*Glock v. Singletary,*

   *84 F.3d 385 (11th Cir.),*

   *cert. denied, 519 U.S. 1044 (1996)* ..................................................................... *27*

*Guy v. Cockrell,*

   *343 F.3d 348; 2003 U.S. App. LEXIS 16632*

   *(5th Cir. 2003)* ............................................................................................. *5, 41, 43*

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

   *896 F.2d 1542, 1551; 1989 U.S. App. LEXIS 20709 **25-26 (9th Cir. 1989)* .......................... *2*

*Harris By and Through Ramseyer v. Blodgett,*

   *853 F.Supp. 1239 (W.D. Wash. 1994)* ............................................................... *4, 39*

*Harris v. Reed,*

   *894 F.2d 871 (7th Cir. 1990)* ............................................................................. *10*

*Harris v. Wood,*

   *64 F.3d 1432 (9ᵗʰ Cir. 1995)* .................................................................... *4, 39*

*Houston v. Lack,*

   *487 U.S. 266, 276 (1988)* ........................................................................ *45, 4*

*Jackson v. Calderon,*

   *2000 U.S. App. LEXIS 9049 (9ᵗʰ Cir. 5-8-2000)*............................................... *16, 21*

*Johnson v. Bell,*

   *2001 U.S. Dist. LEXIS 25420 **167 (WD TN 2001)*............................................... *2*

*Johnson v. Newland,*

   *1999 U.S. Dist. LEXIS 427 (ND Cal. 1-15-99)* ....................................................... *39*

*Johnson v. Scott,*

   *68 F.3d 106, 109-10 (5ᵗʰ Cir. 1995)*....................................................................... *18*

*Killian v. Poole,*

   *282 F.3d 1204; 2002 U.S. App. LEXIS 3887 (9ᵗʰ Cir. 2001)* .................................... *39*

*Kimmelman v. Morrison,*

   *477 U.S. 365, 385-387, 91 L.Ed.2d 305,*

   *106 S.Ct. 2574 (1986)* ..................................................................................... *passim*

*Koch v. Puckett,*

   *907 F.2d 524, 530 (5ᵗʰ Cir. 1990)*.......................................................................... *2*

*Leonard v. Michigan,*

   *256 F. Supp. 2d 723; 2003 U.S. Dist. LEXIS 6026 (WD MI 2003)*.......................... *26*

*Lewis v. Dretke,*

   *355 F.3d 364; 2003 U.S. App. LEXIS 26156 (5ᵗʰ Cir. 2003)* .................................... *20*

*Lindhorst v. United States,*

    *585 F.2d 361 (8th Cir.1978)* ............................................................................. *11*

*Lockhart v. Fretwell,*

    *506 U.S. 364, 373-375, 122 L.Ed.2d 180,*

    *113 S.Ct. 838 (1993)* ............................................................................. *19, 20, 21*

*Mak v. Blodgett,*

    *970 F.2d 614; 1992 U.S. App. LEXIS 15964 (9th Cir. 1992)* .................................................... *39*

*Mathews v. Abramajtys,*

    *2000 U.S. Dist. LEXIS 4635 (E.D. Mich. 4-11-00)* ................................................................ *39*

*Mathews v. Abramajtys,*

    *2003 U.S. App. LEXIS 2187; 2003 FED App. 0045P (6th Cir. 2003)*...................................... *39*

*Mayo v. Henderson,*

    *13 F.3d 528 (2nd Cir. 1994)*.................................................................................. *20*

*Mays v. Gibson,*

    *2000 U.S. App. LEXIS 8858 (10th Cir. 2000)* .................................................... *16, 21*

*McKee v. United States,*

    *167 F.3d 103; 1999 U.S. App. LEXIS 1390 (2nd Cir. 1999)*...................................... *20*

*Moffet v. Kolb,*

    *930 F.2d 1156 (7th Cir. 1991)*............................................................................. *10*

*Murray v. Carrier,*

    *477 U.S. 478, 91 L.Ed.2d 397,*

    *106 S.Ct. 2639 (1986)* ............................................................................. *8*

*Nichols v. United States,*

   *75 F.3d 1137, 1145-46 (7th Cir. 1996)* ........................................................................... *41, 43*

*Osborn v. Shillinger,*

   *861 F.2d 612 (10th Cir. 1988)* .............................................................................. *20*

*Paprocki v. Foltz,*

   *869 F.2d 281, 287 (6th Cir. 1989)* .......................................................................... *41*

*Porter v. McCollum,*

   ___ *U.S.* ___; *130 S. Ct. 447;*

   *2009 U.S. LEXIS 8377 (11-30-09)* ....................................................................... *18, 28, 32, 38*

*Prou v. United States,*

   *199 F.3d 37; 1999 U.S. App. LEXIS 32827 (1st Cir. 1999)* .................................................... *20*

*Rolan v. Vaughn,*

   *445 F.3d 671; 2006 U.S. App. LEXIS 11991 (3rd Cir. 2006)* .................................. *3, 26, 27, 28*

*Rompilla v. Beard,*

   ___ *U.S.* ___, *125 S. Ct. 2456; 162 L. Ed. 2d 360;*

   *2005 U.S. LEXIS 4846 (2005)* ............................................................................. *7, 9*

*Shushansky v. United States,*

   *1994 U.S. Dist. LEXIS 18589 (ED NY 1994)* ......................................................... *23*

*Smith v. McCormick,*

   *914 F.2d 1153 (9th Cir. 1990)* .............................................................................. *11*

*Smith v. Stewart,*

   *140 F.3d 1263 (9th Cir. 1998)* ............................................................................... *27*

*Smith v. Stewart,*

   *140 F.3d 1263 (9th Cir.), cert. denied,*

   *525 U.S. 929 (1998)* ............................................................................................... *9*

*Smith v. United States,*

   *871 F.Supp. 251 (E.D. Va. 1994)* ................................................................. *15, 20*

*Soffar v. Dretke,*

   *368 F.3d 441, 478-480; 2004 U.S. App. LEXIS 7793 **106-111 (5th Cir. 2004)* .................... *19*

*Soffar v. Dretke,*

   *368 F.3d 441; 2004 U.S. App. LEXIS 7793 (5th Cir. 2004)* .................................................. *26*

*Strickland v. Washington,*

   *466 U.S. 668, 80 L.Ed.2d 674,*

   *104 S.Ct. 2052 (1984)* ................................................................................... *passim*

*Tejada v. Dugger,*

   *941 F.2d 1551, 1559 (11th Cir.1991)* .................................................................. *41*

*United States v. Acklen,*

   *47 F.3d 739 (5th Cir. 1995)* ....................................................................... *10, 22*

*United States v. Al King Jones,*

   *2001 U.S. Dist. LEXIS 1740 (E.D. LA 2-9-01)* .................................................. *8, 15*

*United States v. Alaniz,*

   *351 F.3d 365; 2003 U.S. App. LEXIS 24729 (8th Cir. 2003)* ................................. *22*

*United States v. Alexander,*

   *2006 U.S. App. LEXIS 5602 (DC Cir. 3-2-06)* ...................................................... *8*

*United States v. Alferahin,*

    *2006 U.S. App. LEXIS 575 (9th Cir. 2006)* ................................................................................. *9*

*United States v. Becker,*

    *2004 U.S. App. LEXIS 18617 (10th Cir. 2004)* ......................................................................... *26*

*United States v. Booth,*

    *2005 U.S. App. LEXIS 28896 (3rd Cir. 12-29-05)* .................................................................... *23*

*United States v. Breckenridge,*

    *93 F.3d 132 (4th Cir. 1996)* .................................................................................................... *22*

*United States v. Briggs,*

    *939 F.2d 222 (5th Cir. 1991)* .................................................................................................. *11*

*United States v. Brown,*

    *316 F.3d 1151; 2003 U.S. App. LEXIS 962 (10tn Cir. 2003)* ................................................... *22*

*United States v. Burrows,*

    *872 F.2d 915 (9th Cir. 1989)* ........................................................................................... *10, 11*

*United States v. Castro,*

    *26 F.3d 557; 1994 U.S. App. LEXIS 16934 (5th Cir. 1994)* ..................................................... *23*

*United States v. Coleman,*

    *188 F.3d 354 (6th Cir. 1999)* ...................................................................................... *3, 4, 31, 32*

*United States v. Dawson,*

    *857 F.2d 923 (3rd Cir. 1988)* ............................................................................................ *1, 10*

*United States v. De La Fuente,*

    *8 F.3d 1333 (9th Cir. 1993)* .................................................................................................... *22*

*United States v. Donn,*

    *661 F.2d 820; 1981 U.S. App. LEXIS 15876 (9th Cir. 1981)* .................................................. 23

*United States v. Edouard,*

    *485 F.3d 1324; 2007 U.S. App. LEXIS 11117 (11th Cir. 2007)* .......................................... 2, 16

*United States v. Estrada,*

    *849 F.2d 1304 (1st Cir. 1988)* .............................................................................................. 11

*United States v. Fisher,*

    *38 F.3d 1144, 1147 (10th Cir. 1994)* ...................................................................................... 1

*United States v. Ford,*

    *918 F.2d 1343, 1350 (8th Cir. 1990)* ..................................................................................... 22

*United States v. Foster,*

    *988 F.2d 206, 210 (D.C. Cir. 1993)* ..................................................................................... 15

*United States v. Gonzalez,*

    *98 Fed. Appx. 825; 2004 U.S. App. LEXIS 10946 (10th Cir. 2004)* ......................................... 41

*United States v. Grist,*

    *1998 U.S. App. LEXIS 20199;*

    *1998 Colo. J. C.A.R. 4384 (10th Cir. 1998)* ..................................................................... 41, 43

*United States v. Hasan,*

    *586 F.3d 161; 2009 U.S. App. LEXIS 24636 (2nd Cir. 2009)* ......................................... 4, 37, 38

*United States v. Hayes,*

    *2005 U.S. Dist. LEXIS 18309 (ED LA 8-24-05)* ..................................................................... 23

*United States v. Headley,*

    *923 F.2d 1079 (3rd Cir. 1991)* ......................................................................................... passim

*United States v. Hearst,*

   *638 F.2d 1190, 1194 (9th Cir. 1980)* ....................................................................................... *1*

*United States v. Holder,*

   *410 F.3d 651; 2005 U.S. App. LEXIS 10380 (10th Cir. 2005)* ........................................... *9, 11*

*United States v. Horey,*

   *333 F.3d 1185; 2003 U.S. App. LEXIS 12732*

   *(10th Cir. 2003)* ....................................................................................................................... *21*

*United States v. Hylton,*

   *2002 U.S. App. LEXIS 12818 (DC Cir. 6-28-02)* ...................................................................... *9*

*United States v. Knight,*

   *266 F.3d 203, 208 (3rd Cir. 2001)* ....................................................................................... *22*

*United States v. Kushner,*

   *305 F.3d 194 (3rd Cir. 2002)* .................................................................................... *3, 31, 32*

*United States v. McCoy,*

   *410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir. 2005)* ............................................. *9, 11*

*United States v. McCoy,*

   *410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Ciur. 2005)* ............................................ *2, 16*

*United States v. Olano,*

   *507 U.S. 725, 735 (1993)* ........................................................................................................ *18*

*United States v. Osuna,*

   *189 F.3d 1289, 1294 (10th Cir. 1999)* ................................................................................... *22*

*United States v. Pielago,*

   *135 F.3d 703, 714, n.1 (11th Cir. 1998)* ............................................................................... *22*

*United States v. Raheman-Fazal,*

*355 F.3d 40; 2004 U.S. App. LEXIS 853 (1st Cir. 2004)* .................................................. 37, 38

*United States v. Ramsey,*

*323 F. Supp. 2d 27; 2004 U.S. Dist. LEXIS 12462 (D DC 2004)* ....................................... 4, 39

*United States v. Rodriguez-Razo,*

*962 F.2d 1418, 1423-24 (9th Cir. 1992)* ................................................................................ 22

*United States v. Rodriguez-Rodriguez,*

*929 F.2d 747(1st Cir. 1991)* ..................................................................................................... 1

*United States v. Russel,*

*2002 U.S. App. LEXIS 9538 (4th Cir. 5-20-02)* ....................................................................... 39

*United States v. Sergio,*

*934 F.2d 875, 881 (7th Cir. 1991)* .......................................................................................... 16

*United States v. Smack,*

*2003 U.S. App. LEXIS 21746 (3rd Cir. 10-24-03)* ................................................................... 22

*United States v. Smack,*

*347 F.3d 533; 2003 U.S. App. LEXIS 21746 (3rd Cir. 2003)* .............................................. 2, 16

*United States v. Soto,*

*132 F.3d 56, 58 (D.C. Cir. 1997)* .................................................................................... 15, 22

*United States v. Stockheimer,*

*157 F.3d 1082 (2nd Cir.),*

*cert. denied, 525 U.S. 1184 (1999)* ................................................................................. 31, 32

*United States v. Stricklin,*

*290 F.3d 748; 2002 U.S. App. LEXIS 9118 (5th Cir. 5-1-02)* .............................................. 9, 21

*United States v. Thornton,*

    *2005 U.S. Dist. LEXIS 17164 (ED PA 2005)* ............................................................................ *9*

*United States v. Van Dyke,*

    *14 F.3d 415, 417-424 (8th Cir. 1994)*................................................................................... *4, 39*

*United States v. Venson,*

    *2011 U.S. Dist. LEXIS 6806 (D MD 2011)* ................................................................... *4, 37, 38*

*United States v. Walters,*

    *87 F.3d 663 (5th Cir.),*

    *cert. denied, 519 U.S. 1000 (1996)* .................................................................................. *31, 32*

*United States v. White,*

    *371 F. Supp. 2d 378; 2005 U.S. Dist. LEXIS 10355 (WD NY 2005)* ........................................ *23*

*United States v. Witherspoon,*

    *231 F.3d 923; 2000 U.S. App. LEXIS 27778*

    *(4th Cir. 11-6-00)*......................................................................................................... *11, 41, 43*

*Virgin Islands v. Weatherwax,*

    *20 F.3d 572 (3rd Cir. 1994)* ................................................................................... *5, 11, 41, 42*

*Washington v. Smith,*

    *219 F.3d 620, 629-31 (7th Cir. 2000)*...................................................................................... *10*

*Wiggins v. Smith,*

    *539 U.S. 510, 123 S. Ct. 2527, 2535,*

    *156 L. Ed. 2d 471 (2003)* ........................................................................................................ *26*

*Wiggins v. Smith,*

  *539 U.S. 510; 123 S. Ct. 2527, 2535;*

  *156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003)* ......................................................... *passim*

*Williams v. Taylor,*

  *120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64;*

  *146 L. Ed. 2d 389 (4-18-00)* .......................................................................................... *passim*

*Zettlemoyer v. Fulcomer,*

  *923 F.2d 284, 298 (3rd Cir. 1991)* ............................................................................................ *2*

**Statutes**

*18 U.S.C. § 1204(a)* ................................................................................................... *24, 29, 35*

*18 U.S.C. § 1344* ........................................................................................................ *24, 29, 35*

*18 U.S.C. § 3553(a)* ................................................................................................................ *14*

**Other Authorities**

*10A C. Wright, A. Miller, & M. Kane,*

  *Federal Practice & Procedure § 2722 at 58-60 (2d ed. 1983)* ................................................ *2*

*Fed.R.Crim.P. 11* ...................................................................................................................... *14*

*Federal Rule of Criminal  Procedure 33* ................................................................................. *19*

*Rule 6 of the Rules Governing*

  *Section 2255 Proceedings* ................................................................................................ *passim*

*U.S.S.G. § 5K2.0* .................................................................................................................. *37, 38*

*U.S.S.G. § 5K2.10* ................................................................................................................ *37, 38*

# 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥
## 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 𝕠𝕗 𝔻𝕖𝕝𝕒𝕨𝕒𝕣𝕖
## 𝔸𝕥 𝕎𝕚𝕝𝕞𝕚𝕟𝕘𝕥𝕠𝕟

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:08-cr-69-GMS-1 |
| | ) | Civil No. |
| Plaintiff-Respondent, | ) | HON. GREGORY M. SLEET |
| | ) | MAG. |
| vs. | ) | |
| | ) | |
| DAVID MATUSIEWICZ, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF SECTION 2255 MOTION |
| Defendant-Movant. | ) | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**COMES NOW DEFENDANT-MOVANT David Matusiewicz** and submits the following memorandum in support of his motion pursuant to 28 U.S.C. § 2255. This memorandum includes and incorporates by reference the Section 2255 Model Court Form as well as the information contained and incorporated by reference therein.

## STATEMENT OF FACTS

The relevant facts of the motion and of this memorandum are set forth and pleaded in the Section 2255 Model Court Form and the Statement of Claim attached thereto. This Court should accept the allegations of Mr. Matusiewicz as true where they are not "conclusively" contradicted by the "files and records of the case" for purposes of determining whether Mr. Matusiewicz has stated a prima facie claim for relief and is therefore entitled to an evidentiary hearing.[1] Since the Court must necessarily review the allegations of the Section 2255 motion for sufficiency, Mr. Matusiewicz will not repeat those allegations in this memorandum except as necessary.

---

[1] *See United States v. Dawson*, 857 F.2d 923, 927-928 (3rd Cir. 1988) and *United States v. Rodriguez-Rodriguez*, 929 F.2d 747, 752 (1st Cir. 1991)

1

## ISSUES PRESENTED

**Issue:**                                                                    **Page:**

1.)   Whether The Conviction And/Or Sentence Of Mr. Matusiewicz Is
      Violative Of His Sixth Amendment Right To Effective Assistance
      Of Counsel?.................................................................................................6

**Mr. Matusiewicz Answers: "Yes"**

**Most Apposite Case:**

          *Kimmelman v. Morrison,*
          477 U.S. 365, 91 L.Ed.2d 305,
          106 S.Ct. 2574 (1986)

          *Strickland v. Washington*
          466 U.S. 668, 80 L.Ed.2d 674,
          104 S.Ct. 2052 (1984)

1A.)  Whether The Performance Of Counsel For Mr. Matusiewicz Fell
      Below An Objective Standard Of Reasonableness During The
      Pretrial, Plea, Sentencing And Direct Appeal Process? ...............................6

**Mr. Matusiewicz Answers: "Yes"**

**Most Apposite Cases:**

          *Kimmelman v. Morrison,*
          477 U.S. 365, 91 L.Ed.2d 305,
          106 S.Ct. 2574 (1986)

          *United States v. Edouard,*
          485 F.3d 1324; 2007 U.S. App. LEXIS 11117 (11th Cir. 2007)

          *United States v. Smack,*
          347 F.3d 533; 2003 U.S. App. LEXIS 21746 (3rd Cir. 2003)

          *United States v. McCoy,*
          410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Ciur. 2005)

          *United States v. Headley,*
          923 F.2d 1079, 1083-84 (3rd Cir. 1991)

1B1.) Whether Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Introduce The Testimony Of Mr. Matusiewicz' Sister And Mother To Further Demonstrate That His Daughter Was Being Sexually Abused By Her Mother And Failed To Timely And Properly Move For Downward Departure Or Downward Variance On This Grounds? .............................................. 18

**Mr. Matusiewicz Answers: "Yes"**

**Most Apposite Cases:**

> *United States v. Glover,*
> 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604;
> 2001 U.S. LEXIS 639 (2001)

> *Williams v. Taylor,*
> 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64;
> 146 L. Ed. 2d 389 (4-18-00)

> *Rolan v. Vaughn,*
> *445 F.3d 671; 2006* U.S. App. LEXIS 11991 (3rd Cir. 2006);

1B2.) Whether Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Grounds That The Bank Suffered No Actual Loss From Bank Fraud? ...................... 29

**Mr. Matusiewicz Answers: "Yes"**

**Most Apposite Cases:**

> *United States v. Kushner,*
> 305 F.3d 194 (3rd Cir. 2002)

> *United States v. Coleman,*
> 188 F.3d 354 (6th Cir. 1999)

1B3.) Whether Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Basis Of "Victim's Conduct" Involved In Both Counts Of Conviction? ....................34

**Mr. Matusiewicz Answers: "Yes"**

**Most Apposite Cases:**

> *United States v. Venson,*
> 2011 U.S. Dist. LEXIS 6806 (D MD 2011)

> *Koon v. United States,*
> 116 S.Ct. 2035, 2045 (1996)

> *United States v. Hasan,*
> 586 F.3d 161; 2009 U.S. App. LEXIS 24636 (2nd Cir. 2009)

> *United States v. Coleman,*
> 188 F.3d 354 (6th Cir. 1999)

1B4.) Whether Mr. Matusiewicz Was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Plea, Sentencing And Direct Appeal Process? ...............................39

**Mr. Matusiewicz Answers: "Yes"**

**Most Apposite Cases:**

> *United States v. Ramsey,*
> 323 F. Supp. 2d 27; 2004 U.S. Dist. LEXIS 12462 (D DC 2004)

> *United States v. Van Dyke,*
> 14 F.3d 415, 417-424 (8th Cir. 1994)

> *Harris By and Through Ramseyer v. Blodgett,*
> 853 F.Supp. 1239 (W.D. Wash. 1994)

> *Harris v. Wood,*
> 64 F.3d 1432 (9th Cir. 1995)

2.)   Whether An Evidentiary Hearing Is Necessary And Would Be Useful To This Court? ................................................................................ 41

**Mr. Matusiewicz Answers: "Yes"**

**Most Apposite Cases:**

*Virgin Islands v. Weatherwax,*
20 F.3d 572 (3rd Cir. 1994)

*Guy v. Cockrell,*
343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003)

## ARGUMENT

**1.)** **THE CONVICTION AND/OR SENTENCE OF MR. MATUSIEWICZ IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

**1A.)** **The Performance Of Counsel For Mr. Matusiewicz Fell Below An Objective Standard Of Reasonableness During The Pretrial, Plea, Sentencing And Direct Appeal Process.**

In *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the Supreme Court established a two prong test to govern ineffective assistance of counsel claims. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel the defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. *Id.* 466 U.S. at 688-689; *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith*, 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003).

The Court stated that, "judicial scrutiny of counsel's performance must be highly deferential" and added that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Id.*

The Court clarified that this reference to "highly deferential scrutiny referred only[2] to the first or performance prong of the test and meant that,

> "... the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Strickland v. Washington*, 466 U.S. at 689-691

6

The Court added that,

> "... strategic choices made after thorough investigation of law and facts relevant
> to plausible options are virtually unchallengeable; and strategic choices made
> after less than complete investigation are reasonable precisely to the extent that
> reasonable professional judgments support the limitations on investigation. In
> other words, counsel has a duty to make a reasonable decision that makes
> particular investigations unnecessary." *Id.*

Two years after its *Strickland* decision, the Court reaffirmed that this portion of the

decision sets forth what test that can be made[3] in evaluating whether the performance of counsel

was within the range of "reasonable professional assistance", or fell below an objective standard

of reasonableness. *Kimmelman v. Morrison*, 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct.

2574 (1986). See also: *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,

**53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith*, 539 U.S. 510; 123 S. Ct. 2527, 2535;

156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003); *Rompilla v. Beard*, ___ U.S. ___, 125 S. Ct.

2456; 162 L. Ed. 2d 360; 2005 U.S. LEXIS 4846 (2005).

The Supreme Court noted that,

> ...a single, serious error may support a claim of ineffective assistance of
> counsel."

*Kimmelman v. Morrison*, 477 U.S. at 384. The Court added that this "single serious error" could

cause counsel's performance to fall "below the level of reasonable professional assistance", even

where, "counsel's performance at trial [was] generally creditable enough", and even where

---

[2] The Court stated that "factors which may actually have entered into counsel's selection of
strategies and ... may thus affect the performance inquiry ... are irrelevant to the prejudice
inquiry." *Strickland v. Washington*, 466 U.S. at 695
[3] This presupposes, for the instant argument, that the defendant provided counsel with complete
and accurate information and did not place any restrictions on counsel's strategy. *Strickland v.
Washington*, 466 U.S. at 691.

7

counsel had made "vigorous cross-examination, attempts to discredit witnesses, and [an] effort to establish a different version of the facts." *Id.* 477 U.S. at 386[4]

The Court held that the determining factor was whether or not counsel's "single serious error" or "failure" was the result of, or attributable to, a trial "strategy". *Id.* 477 U.S. 384-386; *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith*, 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003).

The Court then found that no "strategy" was involved in that case and that counsel's performance thereby fell below the *Strickland v. Washington* objective standard because counsel's failure was based "on counsel's mistaken beliefs" as to the laws governing discovery. *Id.* 477 U.S. at 385.

The Supreme Court added:

> "Viewing counsel's failure to conduct any discovery from his perspective at the time he decided to forego that stage of pretrial preparation and applying a 'heavy measure of deference', *ibid.*, to his judgment, we find counsel's decision unreasonable, that is, contrary to prevailing professional norms. The justification Morrison's attorney offered for his omission betray a startling ignorance of the law—or a weak attempt to shift blame for inadequate preparation. 'Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' *Id.* Respondent's lawyer neither investigated, nor made a reasonable decision not to investigate the State's case through discovery."

*Kimmelman v. Morrison*, 477 U.S. at 385.

---

[4] See also *United States v. Alexander*, 2006 U.S. App. LEXIS 5602 (DC Cir. 3-2-06) (same); *Murray v. Carrier*, 477 U.S. 478, 496, 91 L.Ed.2d 397, 106 S.Ct. 2639 (1986) ("The right to effective assistance of counsel ... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."); *Smith v. United States*, 871 F.Supp. 251, 255 & [n.8] (E.D. Va. 1994) (finding performance below constitutional standards for "failure to raise an objection to a clear and indisputable error in the PSR". but pointing out that "[t]he error was an innocent inadvertence, and not indicative of the entirety of counsel's representation of petitioner, which was competent and effective in all other respects."); *United States v. Al King Jones*, 2001 U.S. Dist. LEXIS 1740 (E.D. LA 2-9-01) (same).

In other words, the Court determined that counsel's omissions were not part of any "strategy" or trial tactic because they had not been taken after thorough investigation of the law and facts relevant to all plausible options available to counsel. From this, the Court determined that the omissions were professionally unreasonable and had caused counsel's performance to fall below the objective standard of *Strickland*. *See Kimmelman v. Morrison*, 477 U.S. at 385-387; *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith*, 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003) (counsels' failure to investigate mitigating evidence could not be strategic "because the investigation supporting their choice was unreasonable"); *Rompilla v. Beard*, ___ U.S. ___, 125 S. Ct. 2456; 162 L. Ed. 2d 360; 2005 U.S. LEXIS 4846 (2005).[5]

---

[5] The decisions of the lower Courts have followed this unambiguous mandate from the Supreme Court. *See United States v. Stricklin*, 290 F.3d 748; 2002 U.S. App. LEXIS 9118 (5th Cir. 5-1-02) (counsel's performance below objective standard of *Strickland* due to counsel's failure to investigate guidelines and case law defining "mixture or substance" for sentencing for narcotics violations); *United States v. Hylton*, 2002 U.S. App. LEXIS 12818 (DC Cir. 6-28-02) (counsel's performance below objective standard of *Strickland* due to failure to investigate facts and law relevant to defense at trial); *United States v. Holder*, 410 F.3d 651; 2005 U.S. App. LEXIS 10380 (10th Cir. 2005) (same - failure to call defense witness); *United States v. Alferahin*, 2006 U.S. App. LEXIS 575 (9th Cir. 2006) (failure to move for materiality jury instruction); *United States v. Thornton*, 2005 U.S. Dist. LEXIS 17164 (ED PA 2005) (failure to object to introduction of prejudicial Fed.R.Evid. 404(b) evidence); *United States v. McCoy*, 410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir. 2005) (attorney agreed to prejudicial stipulation at trial); *Bruce v. United States*, 256 F.3d 592; 2001 U.S. App. LEXIS 15054 (7th Cir. 2001); *Brown v. Myers*, 137 F.3d 1154 (9th Cir. 1998) (counsel failed to investigate and present available testimony supporting petitioner's alibi); *United States v. Kauffman*, 109 F.3d 186 (3rd Cir. 1997) (failure to investigate law and facts relevant to plausible defense ineffective assistance); *Williamson v. Ward*, 110 F.3d 1508 (10th Cir. 1997) (same); *Foster v. Lockhart*, 9 F.3d 722, 726 (8th Cir. 1993) (failure to investigate law and facts relevant to plausible defense ineffective assistance); *United States v. Headley*, 923 F.2d 1079, 1083-84 (3rd Cir. 1991) (same - Guideline case involving failure to investigate facts and law relative to motion for reduction in sentence for "minor role"); *Smith v. Stewart*, 140 F.3d 1263 (9th Cir.), *cert. denied*, 525 U.S. 929 (1998) (Failure to investigate mitigating evidence was ineffective); *Holsomback v. White*, 133 F.3d 1382 (11th Cir. 1998) (failure to investigate was ineffective assistance of counsel).

In short, no deference is due to counsel's actions, and the performance of counsel falls below the *Strickland* objective standard of reasonableness[6] if counsel's specific acts or omissions are not demonstrably[7] the result of actual strategic choices made between or among all plausible options "after thorough investigation of law and facts relevant to [the] options." *Strickland*, 466 U.S. at 691; *Kimmelman v. Morrison*, 477 U.S. at 385-387; *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00) [8]

---

[6] For purposes of this portion of the *Strickland* analysis, the Court presumes that counsel's failures were at least potentially prejudicial to the defendant. *Kimmelman v. Morrison*, 477 U.S. at 365, 387, 390-91.

[7] See *Wiggins v. Smith*, 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003) (court's "assumption" that counsel made reasonable investigation vacated when unsupported by the record); *Bruce v. United States*, 256 F.3d 592; 2001 U.S. App. LEXIS 15054 (7th Cir. 2001) (absent factual support in the record court could not rely on presumption attorney's failure to investigate was reasonable); *Washington v. Smith*, 219 F.3d 620, 629-31 (7th Cir. 2000) (performance professionally unreasonable where counsel failed to produce critical alibi witness at trial; counsel made only "minimal attempts" to contact witness before trial and waited to subpoena her until two days before she was to testify, despite knowing that she was "hard to reach"); *United States v. Burrows*, 872 F.2d 915, 918-919 (9th Cir. 1989) (record must "conclusively" demonstrate strategic nature of counsel's actions); *Harris v. Reed*, 894 F.2d 871, 878 (7th Cir. 1990) (reviewing court should "not construct strategic defenses which **counsel** does not offer") (citing *Kimmelman v. Morrison*, 477 U.S. at 386); *Moffet v. Kolb*, 930 F.2d 1156, 1160-61 (7th Cir. 1991) (counsel's unexplained failure to use available police report, to impeach prosecution witness's statements and support theory of defense, below objective standard of *Strickland*); *United States v. Headley*, 923 F.2d 1079, 1084 (3rd Cir. 1991) (remanding for hearing where there was "[no] rational basis" in the record to believe that sentencing counsel's failure, to argue for downward adjustment in Sentencing Guidelines for minor role, was a "strategic choice"); *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995) (remanding for evidentiary hearing where was nothing in record to indicate counsel's failures were attributable to strategic choice among all plausible alternatives available for defense); *United States v. Dawson*, 857 F.2d 923, 929 (3rd Cir. 1988) (absent evidence in the record, "this court will not speculate on trial counsel's motives"); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996) (same).

[8] The courts have decided that counsel's failure to consider or investigate laws and facts relevant to potentially viable defenses cannot be said to be the result of reasonable professional judgment, nor can it be termed "strategic" or "tactical" or "objectively reasonable", because "counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when s/he has not yet obtained the facts on which such a decision could be made." *Gray, supra*, 878 F.2d at 711 (citing *Strickland*, 466 U.S. at 690-91); *Holsomback v. White*, 133 F.3d 1382 (11th Cir. 1998) (same); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996)

Where a convicted defendant is making a claim of ineffective assistance of counsel, the

defendant,

> "…must identify the acts or omissions of counsel that are alleged not to have been
> the result of reasonable professional judgment."

*Strickland v. Washington*, 466 U.S. at 690.

If the record does not "conclusively" demonstrate "strategic reasons" for counsel's

failures, the district court entertaining a motion under 28 U.S.C. § 2255 must hold an evidentiary

hearing.[9] A subsequent affidavit from counsel will not suffice to establish a trial strategy, nor

absolve the district court from the requirement of holding an evidentiary hearing.[10]

In the instant case, Mr. Matusiewicz has made specific, sworn, factual allegations which

this Court should accept as true for the purpose of considering whether to hold an evidentiary

hearing, because they are not conclusively disproved by the files and records of this case.

The allegations of Mr. Matusiewicz as to the "performance" of counsel include the

following:

> 15.)   On 12-10-09, Mr. Matusiewicz appeared for sentencing. At
> sentencing, the Court pointed out and counsel agreed that no departures could be

---

[9] *United States v. Holder*, 410 F.3d 651; 2005 U.S. App. LEXIS 10380 (10th Cir. 2005) (remanding for evidentiary hearing where no explanation in record for counsel's complained of failure); *United States v. McCoy*, 410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir. 2005) (same); *United States v. Burrows*, 872 F.2d 915, 918-919 (9th Cir. 1989) *and United States v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1991); *United States v. Estrada*, 849 F.2d 1304, 1306-1307 (1st Cir. 1988); *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claim inadequate on its face or if records conclusively refute factual assertions of claim); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless Section 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996) (same); *United States v. Witherspoon*, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00) (petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).
[10] *Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990); *United States v. Giardino*, 797 F.2d 30, 32 (1st Cir. 1986); *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir.1978).

11

considered because the Court had "not seen filed any motion, anything styled a motion for departure" that complied with Local Rules for departures. (Transcript of Sentencing, page 5)

\* \* \* \* \* \* \* \* \* \*

## CLAIM NUMBER ONE

25.)    Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

26.)    Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process sentencing process as hereinafter more fully appears.

27.)    Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

28.)    Counsel could have but did not introduce the testimony of Mr. Matusiewicz' sister and mother to further demonstrate that his daughter was being sexually abused by her mother and failed to timely and properly move for downward departure or downward variance on this grounds. The nature and availability of their testimony or affidavits were brought to counsel's attention by Mr. Matusiewicz and he specifically asked counsel to present that information at sentencing.

29.)    Counsel's omissions set forth in ¶¶27-28 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

30.)    Counsel's omissions set forth in ¶¶27-28 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

\* \* \* \* \* \* \* \* \* \*

## CLAIM NUMBER TWO

32.)    Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

33.)    Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process as hereinafter more fully appears.

34.)    Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

35.)    Counsel could have but did not timely and properly move for downward departure or downward variance on the grounds that the bank suffered no actual loss from bank fraud and that the guidelines therefore overstated the loss involved.

36.)    Counsel's omissions set forth in ¶¶34-35 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

37.) Counsel's omissions set forth in ¶¶34-35 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

* * * * * * * * * *

## CLAIM NUMBER THREE

40.) Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

41.) Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process as hereinafter more fully appears.

42.) Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

43.) Counsel could have but did not timely move for downward departure or downward variance on the basis of "victim's conduct" involved in both counts of conviction.

44.) More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim bank, acting through its officer "Pryslak" and the banks notary, unlawfully facilitated the equity loan to Mr. Matusiewicz.

45.) More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim ex-wife's sexual abuse of Mr. Matusiewicz' daughter was material to Mr. Matusiewicz' decision to remove the daughters from contact with the ex-wife.

45A.) More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim ex-wife did in fact give explicit approval and permission for Mr. Matusiewicz to refinance the house. While her written stipulation was approved by the Court on 8-23-07 (Appendix, Exhibits G), Mr. Matusiewicz was acting in reliance on the ex-wife's verbal agreement when he refinanced the house.

46.) Counsel's omissions set forth in ¶¶42-45 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

47.) Counsel's omissions set forth in ¶¶42-45 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

* * * * * * * * * *

## CLAIM NUMBER FOUR

50.) Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-49 herein.

51.) Counsel unprofessionally failed to advise Mr. Matusiewicz as to all facts and law relevant to his decision to plead guilty. Had Mr. Matusiewicz been fully advised, and had counsel competently pursued a more favorable plea agreement, there is a reasonable probability that he would have pleaded guilty with a more favorable plea agreement such as an agreement under Fed.R.Crim.P.

11(c)(1)(C) which limited his maximum sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

52.) Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence of Mr. Matusiewicz and counsel could have but did not timely move for dismissal of the indictment. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

53.) Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Matusiewicz. Counsel also unprofessionally failed to object to, unlawful, false and unreliable evidence used to determine Mr. Matusiewicz's guideline sentencing range and ultimate sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

54.) Mr. Matusiewicz was prejudiced by the objectively unreasonable performance of counsel during the sentencing process, when counsel unprofessionally failed to *timely* move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in Mr. Matusiewicz's case. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different. (Transcript of Sentencing, pages 4-5)

55.) Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. Matusiewicz for his direct appeal and failed to preserve viable issues for collateral review. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

56.) Mr. Matusiewicz's counsel labored under an actual conflict of interest which adversely affected his performance during the pretrial, plea, sentencing and direct appeal process in this case. Counsel owed a 'duty' other than to Mr. Matusiewicz. This duty was in conflict with the duty owed to Mr. Matusiewicz. Counsel chose between the duties. This choice adversely affected the performance of counsel during the pretrial, plea, sentencing and direct appeal process.

(Statement of Claim ¶¶15, 25-30, 32-37, 40-47, 50-56)

Mr. Matusiewicz has also submitted the following proffer to support the foregoing allegations:

62.) Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Mr. Matusiewicz asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to: **ORDER** that the witnesses set forth in ¶60 allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Matusiewicz, as to the "performance" of counsel, detailed and

14

set forth herein. More specifically, Mr. Matusiewicz requests this Court to allow counsel to question Heriberto A. Medrano as to the reasons for his failures complained of herein. Mr. Matusiewicz requests this Court to allow counsel to question . Mr. Matusiewicz requests this Court to allow counsel to question AUSA Burke as to the terms and conditions which were discussed in the negotiation of Mr. Matusiewicz' plea agreement. Mr. Matusiewicz requests this Court to allow counsel to question Christine Belford or "Christine Matusiewiez" as to the sexual abuse of his daughters. Mr. Matusiewicz requests this Court to allow counsel to question Wilmington Savings Fund Society officer Pryslak and the bank's notary as to the events surrounding the notarization and completion of the equity loan on Mr. Matusiewicz' house.

    63.)   Mr. Matusiewicz proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶13, 27-30, 34-38, 42-48, 51, 53-55.

(Statement of Claim ¶¶62-63)

Assuming for purposes of this portion of the *Strickland* analysis that the foregoing failures were potentially prejudicial to Mr. Matusiewicz it cannot be said from the present record that counsel's "performance" did not fall below the objective standard of *Strickland*. This is because Mr. Matusiewicz has pleaded that counsel's failures in defending Mr. Matusiewicz were based on counsel's failures to investigate the law and facts material to him in the pretrial, plea, sentencing and direct appeal process; an "innocent inadvertence"[11] but none-the-less an impermissible abdication of counsel's duty to advocate Mr. Matusiewicz's case and cause.[12] *Kimmelman v. Morrison*, 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986) (late filing of motion to suppress below objective standard of *Strickland*); *United States v. Edouard,*

---

[11] *Smith v. United States*, 871 F.Supp. 251, 255 & [n.8] (E.D. Va. 1994) (finding performance below constitutional standards for "failure to raise an objection to a clear and indisputable error in the PSR". but pointing out that "[t]he error was an innocent inadvertence, and not indicative of the entirety of counsel's representation of petitioner, which was competent and effective in all other respects."); *United States v. Al King Jones*, 2001 U.S. Dist. LEXIS 1740 (E.D. LA 2-9-01) (same).
[12] See also *United States v. Soto*, 132 F.3d 56, 58 (D.C. Cir. 1997) (counsel cannot properly invoke a particular Guideline provision "merely by reciting to the court a list of mitigating facts") (quoting *United States v. Foster*, 988 F.2d 206, 210 (D.C. Cir. 1993) (quoting *United*

485 F.3d 1324; 2007 U.S. App. LEXIS 11117 (11th Cir. 2007) (Court entitled to enforce Local Rules against attorney); *United States v. Smack*, 347 F.3d 533; 2003 U.S. App. LEXIS 21746 (3rd Cir. 2003) (performance below objective standard of *Strickland* due to absence of tactical or strategic reasons for acts and omisisons); *United States v. McCoy*, 410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Ciur. 2005) (same); *United States v. Headley*, 923 F.2d 1079, 1083-84 (3rd Cir. 1991) (ineffective assistance of counsel for failure to timely investigate facts and law relative to motion for reduction in sentence for "minor role"). [13]

With respect to counsel's failure to follow Local Rules to make a timely motion for downward departure, Mr. Matusiewicz's case is constitutionally indistinguishable from the Supreme Court's decision in *Kimmelman v. Morrison*, 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986) where the Court found that counsel's "performance" was below the objective standard of *Strickland* when counsel made an untimely motion for suppression.

None of these allegations are rebutted, much less "conclusively" refuted by the files and records of this case. They are, in fact, not even addressed, because the failures to investigate occurred outside the courtroom.

Under these circumstances, this Court should find that Mr. Matusiewicz has stated a claim of ineffective assistance of counsel in the pretrial, plea, sentencing and direct appeal process sufficient to entitle him to, and require, an evidentiary hearing.

---

*States v. Sergio*, 934 F.2d 875, 881 (7th Cir. 1991))); *United States v. Harfst*, 168 F.3d 398, 401 (10th Cir. 1999)

[13] See also: *Anderson v. Johnson*, 338 F.3d 382; 2003 U.S. App. LEXIS 13778 (5th Cir. 2003) (counsel's performance below objective standard of *Wiggins v. Smith* where attorney failed to make complete investigation of case); *Mays v. Gibson*, 2000 U.S. App. LEXIS 8858 (10th Cir. 2000) (citing *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00)); *Jackson v. Calderon*, 2000 U.S. App. LEXIS 9049 (9th Cir. 5-8-2000) (same).

Mr. Matusiewicz asks this Honorable Court to **ORDER** such a hearing to allow him to prove his case.

*Strickland* test, and case law supporting ineffective assistance of counsel at sentencing under the Guidelines, remains valid for determining "prejudice" for counsel's acts and omissions with respect to sentencing. This is because there can still be a "reasonable probability" that the Court would have followed the Guidelines and/or case law construing the Guidelines and made a downward adjustment under advisory guidelines even though the Court wasn't, and isn't, "required" to grant the downward adjustment and even though the Court had discretion to impose some other sentence.[21]

In the instant case, Mr. Matusiewicz has made specific, sworn, factual allegations, in the Statement of Claim of his Section 2255 motion, that he was prejudiced by the objectively unreasonable performance of counsel in the Sentencing Process, When Counsel Failed To Introduce The Testimony Of Mr. Matusiewicz' Sister And Mother To Further Demonstrate That His Daughter Was Being Sexually Abused By Her Mother And Failed To Timely And Properly Move For Downward Departure Or Downward Variance On This Grounds. These allegations include the following:

---

counsel's errors, the defendant would have received a lesser sentence, even where defendant could have received precisely the same sentence under the guidelines).

[21] *Ballard v. United States,* 400 F.3d 404; 2005 U.S. App. LEXIS 4002 (6th Cir. 2005); *United States v. Hayes,* 2005 U.S. Dist. LEXIS 18309 (ED LA 8-24-05); *United States v. White,* 371 F. Supp. 2d 378; 2005 U.S. Dist. LEXIS 10355 (WD NY 2005); *United States v. Booth,* 2005 U.S. App. LEXIS 28896 (3rd Cir. 12-29-05); *Burley v. Cabana,* 818 F.2d 414 (5th Cir. 1987) (trial counsel was ineffective for failing to inform judge of available sentencing alternatives for youth because there was a reasonable probability that the trial judge would not have imposed life had it known of the alternatives, even though the court could still have imposed the same life sentence); *United States v. Castro,* 26 F.3d 557; 1994 U.S. App. LEXIS 16934 (5th Cir. 1994) (ineffective assistance of counsel for deprivation of opportunity to have a sentencing court exercise its discretion in a defendant's favor); *Shushansky v. United States,* 1994 U.S. Dist. LEXIS 18589 (ED NY 1994) (same); *United States v. Donn,* 661 F.2d 820; 1981 U.S. App. LEXIS 15876 (9th Cir. 1981) (ineffective assistance of counsel for failure to challenge prejudicial information in Presentence Report, even though the court had full discretion under the 'old law' to impose the same sentence irregardless of the reliability of the information).

10.) When the Presentence Report was prepared, the Probation Officer recommended finding a Total Offense Level 22 and a Criminal History I with a guideline sentencing range of 41-51 months and a statutory maximum of 30 years on Count One and 3 years on Count Four. (Appendix, Exhibits A) (Presentence Report, ¶¶54-75, 115, 117-118)

\* \* \* \* \* \* \* \* \*

12.) For Count 4, the parental kidnapping charge, the USPO recommended a Total Offense Level of 25 after multiple count adjustment. While the USPO acknowledged that Mr. Matusiewicz took the position that the kidnapping was because he had information one or more of the daughters were being sexual abused, the USPO declined to make any recommendation for mitigation because the USPO said that Mr. Matusiewicz' allegations were "unsubstantiated". (PSI ¶53 and [footnote 8], ¶¶64-75)

\* \* \* \* \* \* \* \* \*

15.) On 12-10-09, Mr. Matusiewicz appeared for sentencing. At sentencing, the Court pointed out and counsel agreed that no departures could be considered because the Court had "not seen filed any motion, anything styled a motion for departure" that complied with Local Rules for departures. (Transcript of Sentencing, page 5)

\* \* \* \* \* \* \* \* \*

18.) Along the way, the Court observed that Mr. Matusiewicz had brought to its attention an allegation that his daughter was being sexual abused by his ex wife and that this was why he had left with the children. The Court then stated that this allegation was apparently based on a one time unsubstantiated remark by his daughter so the Court didn't believe this was the cause of Mr. Matusiewicz leaving the country with the daughters. (Transcript of Sentencing, page 67)

19.) On 12-10-09, Mr. Matusiewicz was sentenced to 48 months incarceration for violations of 18 U.S.C. § 1344 (bank fraud) (Count 1s); 18 U.S.C. § 1204(a) (international parental kidnapping) (Count 4s). This sentence represented the calculations of the Presentence Report with no downward departure or downward variance. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)

\* \* \* \* \* \* \* \* \*

## CLAIM NUMBER ONE

25.) Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

26.) Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process sentencing process as hereinafter more fully appears.

27.) Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

28.) Counsel could have but did not introduce the testimony of Mr. Matusiewicz' sister and mother to further demonstrate that his daughter was being sexually abused by her mother and failed to timely and properly move for

24

downward departure or downward variance on this grounds. The nature and availability of their testimony or affidavits were brought to counsel's attention by Mr. Matusiewicz and he specifically asked counsel to present that information at sentencing.

29.) Counsel's omissions set forth in ¶¶27-28 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

30.) Counsel's omissions set forth in ¶¶27-28 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

30.) Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶27-30 because, absent said omissions, there is a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that the Court would have granted a downward departure or a downward variance because of the mitigating circumstances involved in Mr. Matusiewicz' removal of his children from contact with their mother. This is because the testimony and/or affidavit of his mother and sister would have shown that Mr. Matusiewicz acts and omissions in this case were effected in material part because of a rational belief that his daughters were being subjected to sexual abuse and would be further subjected to sexual abuse if they had further contact with their mother. The testimony and/or affidavit of his mother and sister were such that a rational and caring father would have been subjected to enormous and rational fear for the safety and well being of his daughters if allowed unsupervised contact with their mother as was allowed and ordered by the Family Court. The testimony and/or affidavit of his mother and sister would have shown that he and his family became aware of the sexual abuse of his daughter by her mother simultaneously with the events charged in the indictment and that any planning for the events charged in the indictment occurred simultaneously with Mr. Matusiewicz' discovery of the sexual abuse. (Appendix, Exhibits D-E)

31.) Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶27-30 because said omissions undermine confidence in the reliability of his sentencing process.

(Statement of Claim ¶¶10, 12, 15, 18-19, 25-31)

Mr. Matusiewicz has also submitted the following proffer to support the foregoing allegations:

62.) Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Mr. Matusiewicz asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to: **ORDER** that the witnesses set forth in ¶60 allow themselves to be deposed. The evidence

25

developed through the foregoing depositions will materially support the allegations of Mr. Matusiewicz, as to the "performance" of counsel, detailed and set forth herein. More specifically, Mr. Matusiewicz requests this Court to allow counsel to question Heriberto A. Medrano as to the reasons for his failures complained of herein. Mr. Matusiewicz requests this Court to allow counsel to question . Mr. Matusiewicz requests this Court to allow counsel to question AUSA Burke as to the terms and conditions which were discussed in the negotiation of Mr. Matusiewicz' plea agreement. Mr. Matusiewicz requests this Court to allow counsel to question Christine Belford or "Christine Matusiewiez" as to the sexual abuse of his daughters. Mr. Matusiewicz requests this Court to allow counsel to question Wilmington Savings Fund Society officer Pryslak and the bank's notary as to the events surrounding the notarization and completion of the equity loan on Mr. Matusiewicz' house.

      63.)   Mr. Matusiewicz proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶13, 27-30, 34-38, 42-48, 51, 53-55.

(Statement of Claim ¶¶62-63)

While claims of ineffective assistance of counsel due to an uncalled witness are not favored, such claims are anything but unusual and can be granted where the defendant makes specific allegations as to the testimony which would have been elicited and the effect the testimony would have had on the proceedings. *Rolan v. Vaughn, 445 F.3d 671; 2006* U.S. App. LEXIS 11991 (3rd Cir. 2006); *Soffar v. Dretke,* 368 F.3d 441; 2004 U.S. App. LEXIS 7793 (5th Cir. 2004); *United States v. Becker,* 2004 U.S. App. LEXIS 18617 (10th Cir. 2004); *Wiggins v. Smith,* 539 U.S. 510, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003); *Evans v. Cockrell,* 285 F.3d 370; 2002 U.S. App. LEXIS 3672 (5th Cir. 2002); *Leonard v. Michigan,* 256 F. Supp. 2d 723; 2003 U.S. Dist. LEXIS 6026 (WD MI 2003); *Alcala v. Woodford,* 334 F.3d 862; 2003 U.S. App. LEXIS 13039 (9th Cir. 2003);

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Kimmelman v. Morrison,* 477 U.S. 365, 385, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986); *Rolan v. Vaughn, 445 F.3d 671; 2006* U.S. App. LEXIS 11991 (3rd Cir. 2006); *Glock v. Singletary,* 84 F.3d 385 (11th Cir.), *cert. denied,* 519 U.S. 1044

(1996) (Counsel's failure to discover and present mitigating evidence at the sentencing proceeding required an evidentiary hearing); *United States v. Kauffman*, 109 F.3d 186 (3rd Cir. 1997) (Failure to investigate potential defense was ineffective assistance of counsel); *Williamson v. Ward*, 110 F.3d 1508 (10th Cir. 1997) (Failure to investigate the defendant's mitigating evidence was ineffective assistance of counsel); *Smith v. Stewart*, 140 F.3d 1263 (9th Cir. 1998) (Failure to investigate mitigating evidence was ineffective); *Carter v. Bell*, 218 F.3d 581 (6th Cir. 2000) (Failure to investigate mitigating evidence was ineffective assistance).

The failure to present available, material exculpatory evidence constitutes prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). See *Rolan v. Vaughn, 445 F.3d 671; 2006* U.S. App. LEXIS 11991 (3rd Cir. 2006); *Baylor v. Estelle*, 94 F.3d 1321 (9th Cir.), *cert. denied*, 117 S.Ct. 1329 (1997) and *Williams v. Washington*, 59 F.3d 673 (7th Cir. 1995) and *Foster v. Lockhart*, 9 F.3d 722 (8th Cir. 1993).

In the instant case, as set forth above, the testimony and/or affidavit of Mr. Matusiewicz' mother and sister would have corroborated Mr. Matusiewicz' statement to the Probation Officer and would have shown that Mr. Matusiewicz acts and omissions in this case were effected in material part because of a rational belief that his daughters were being subjected to sexual abuse and would be further subjected to sexual abuse if they had further contact with their mother. The testimony and/or affidavit of his mother and sister were such that a rational and caring father would have been subjected to enormous and rational fear for the safety and well being of his daughters if allowed unsupervised contact with their mother as was allowed and ordered by the Family Court. The the testimony and/or affidavit of his mother and sister would have shown that he and his family became aware of the sexual abuse of his daughter by her mother simultaneously with the events charged in the indictment and that any planning for the events

27

charged in the indictment occurred simultaneously with Mr. Matusiewicz' discovery of the sexual abuse. (Appendix, Exhibits D-E) Had this testimony been presented to the Court, there is certainly a reasonable probability that the Court would have viewed Mr. Matusiewicz' statements about the sexual abuse in a different light; i.e. as probative of highly mitigating factors in the removal of his daughters instead of viewing Mr. Matusiewicz' statement, as the Court clearly viewed it, as a 'self serving' statement.

Based on the foregoing facts and law, Mr. Matusiewicz has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00) and *Porter v. McCollum*, ___ U.S. ___; 130 S. Ct. 447; 2009 U.S. LEXIS 8377 (11-30-09). *See Rolan v. Vaughn, 445 F.3d 671; 2006* U.S. App. LEXIS 11991 (3rd Cir. 2006).

This is because Mr. Matusiewicz has pleaded and provided competent evidence that, absent counsel's unprofessional acts and/or omissions, there is a reasonable probability the outcome of the sentencing processs would have been different, a probability sufficient to "undermine confidence" in the outcome.

Based on all of the foregoing, Mr. Matusiewicz respectfully asks this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

28

**1B2.)** **Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Grounds That The Bank Suffered No Actual Loss From Bank Fraud**

Mr. Matusiewicz has made specific, sworn, factual allegations, in the Statement of Claim of his Section 2255 motion, that he was prejudiced by the objectively unreasonable performance of counsel in the Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Grounds That The Bank Suffered No Actual Loss From Bank Fraud. These allegations include the following:

> 10.) When the Presentence Report was prepared, the Probation Officer recommended finding a Total Offense Level 22 and a Criminal History I with a guideline sentencing range of 41-51 months and a statutory maximum of 30 years on Count One and 3 years on Count Four. (Appendix, Exhibits A) (Presentence Report, ¶¶54-75, 115, 117-118)
>
> 11.) For Count 1, the bank fraud charge, the USPO recommended a Base Offense Level of 7 with an upward adjustment of 12 levels based on a $201,859.00 'loss' to the bank and a Total Offense Level of 25 after multiple count adjustment. This was in spite of the fact that the USPO acknowledged that the bank actually lost no money at all. (PSI ¶¶56-57, 71-75 and Addendum, pages 30-31)
>
> * * * * * * * * * *
>
> 14.) Counsel filed objections to the Presentence Report and also filed a sealed sentencing memorandum. In the objections, counsel challenged, *inter alia*, the amount of loss from the loan based on the fact that the bank had been made whole and had not lost a penny over the loan. In the sealed sentencing memo, counsel also pointed out the culpability of the bank officers in unlawfully notarizing the loan papers. (PSI Addendum) (CR 37, pages 3-4)
>
> 15.) On 12-10-09, Mr. Matusiewicz appeared for sentencing. At sentencing, the Court pointed out and counsel agreed that no departures could be considered because the Court had "not seen filed any motion, anything styled a motion for departure" that complied with Local Rules for departures. (Transcript of Sentencing, page 5)
>
> * * * * * * * * * *
>
> 19.) On 12-10-09, Mr. Matusiewicz was sentenced to 48 months incarceration for violations of 18 U.S.C. § 1344 (bank fraud) (Count 1s); 18 U.S.C. § 1204(a) (international parental kidnapping) (Count 4s). This sentence represented the calculations of the Presentence Report with no downward departure or downward variance. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)

29

\* \* \* \* \* \* \* \* \* \*

## CLAIM NUMBER TWO

32.)    Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

33.)    Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process as hereinafter more fully appears.

34.)    Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

35.)    Counsel could have but did not timely and properly move for downward departure or downward variance on the grounds that the bank suffered no actual loss from bank fraud and that the guidelines therefore overstated the loss involved.

36.)    Counsel's omissions set forth in ¶¶34-35 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

37.)    Counsel's omissions set forth in ¶¶34-35 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

38.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶34-37 because, absent said omissions, there is a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that the District Court would have granted a downward departure or downward variance in his case because the guidelines grossly overstated the actual loss to the bank because there was no loss at all. Even if the absence of loss was partially due to the government's recovery of funds, it was also due in material part to the fact that Mr. Matusiewicz did not make a loan larger than the actual equity in the home. To the extent that the bank 'dumped' the house at a reduced price instead of selling it for market value, this should not reflect against Mr. Matusiewicz.

39.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶34-37 because said omissions undermine confidence in the reliability of his sentencing process.

(Statement of Claim ¶¶10-11, 14-15, 19, 32-39)

Mr. Matusiewicz has also submitted the following proffer to support the foregoing allegations:

62.)    Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Mr. Matusiewicz asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to: **ORDER** that the

witnesses set forth in ¶60 allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Matusiewicz, as to the "performance" of counsel, detailed and set forth herein. More specifically, Mr. Matusiewicz requests this Court to allow counsel to question Heriberto A. Medrano as to the reasons for his failures complained of herein. Mr. Matusiewicz requests this Court to allow counsel to question . Mr. Matusiewicz requests this Court to allow counsel to question AUSA Burke as to the terms and conditions which were discussed in the negotiation of Mr. Matusiewicz' plea agreement. Mr. Matusiewicz requests this Court to allow counsel to question Christine Belford or "Christine Matusiewiez" as to the sexual abuse of his daughters. Mr. Matusiewicz requests this Court to allow counsel to question Wilmington Savings Fund Society officer Pryslak and the bank's notary as to the events surrounding the notarization and completion of the equity loan on Mr. Matusiewicz' house.

      63.)   Mr. Matusiewicz proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶13, 27-30, 34-38, 42-48, 51, 53-55.

(Statement of Claim ¶¶62-63)

A District Court can and should order a downward departure or downward variance in a fraud case where the 'loss' under the sentencing guidelines overrepresents the seriousness of the offense. *United States v. Kushner*, 305 F.3d 194 (3rd Cir. 2002) (Court could depart when loss overrepresented seriousness of offense); *United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999) (Court must look at case as a whole to see if factors take case out of "heartland" for downward departure); *United States v. Stockheimer*, 157 F.3d 1082 (2nd Cir.), *cert. denied*, 525 U.S. 1184 (1999) (Refusing to consider downward departure based on economic reality of intended loss was plain error); *United States v. Walters*, 87 F.3d 663 (5th Cir.), *cert. denied*, 519 U.S. 1000 (1996) (Downward departure was approved for a defendant who did not personally benefit from money laundering).

In the instant case, as set forth above, there was no loss what-so-ever to the bank and, in fact, the bank made some money on the event. While the Court correctly noted that the government efforts to retrieve the money were material to the absence of loss, it is important to

note that the amount which Mr. Matusiewicz borrowed was also material to the absence of the loss. He limited his loan to an amount whereby he could default and the the bank would still be made whole. In fact, had the bank sold the house for something close to its market value, there would have been a substantial amount of money left over.

In any event, the fact that there was no actual loss, clearly took and takes this case 'out of the heartland' of fraud cases and militated and militates for a downward departure or downward variance. Had counsel timely and properly made a motion for downward departure, there has to be a reasonable probability that the Court would have granted it; a probability sufficient to undermine confidence in the prior sentencing.

Based on the foregoing facts and law, Mr. Matusiewicz has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00) and *Porter v. McCollum*, ___ U.S. ___; 130 S. Ct. 447; 2009 U.S. LEXIS 8377 (11-30-09). *See United States v. Kushner*, 305 F.3d 194 (3rd Cir. 2002) (Court could depart when loss overrepresented seriousness of offense); *United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999) (Court must look at case as a whole to see if factors take case out of "heartland" for downward departure); *United States v. Stockheimer*, 157 F.3d 1082 (2nd Cir.), *cert. denied*, 525 U.S. 1184 (1999) (Refusing to consider downward departure based on economic reality of intended loss was plain error); *United States v. Walters*, 87 F.3d 663 (5th Cir.), *cert. denied*, 519 U.S. 1000 (1996) (Downward departure was approved for a defendant who did not personally benefit from money laundering).

This is because Mr. Matusiewicz has pleaded and provided competent evidence that, absent counsel's unprofessional acts and/or omissions, there is a reasonable probability the outcome of the sentencing processs would have been different, a probability sufficient to "undermine confidence" in the outcome.

Based on all of the foregoing, Mr. Matusiewicz respectfully asks this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

**1B3.) Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Basis Of "Victim's Conduct" Involved In Both Counts Of Conviction**

Mr. Matusiewicz has made specific, sworn, factual allegations, in the Statement of Claim of his Section 2255 motion, that he was prejudiced by the objectively unreasonable performance of counsel in the Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Basis Of "Victim's Conduct" Involved In Both Counts Of Conviction. These allegations include the following:

> 10.)   When the Presentence Report was prepared, the Probation Officer recommended finding a Total Offense Level 22 and a Criminal History I with a guideline sentencing range of 41-51 months and a statutory maximum of 30 years on Count One and 3 years on Count Four. (Appendix, Exhibits A) (Presentence Report, ¶¶54-75, 115, 117-118)
>
> \* \* \* \* \* \* \* \* \* \*
>
> 12.)   For Count 4, the parental kidnapping charge, the USPO recommended a Total Offense Level of 25 after multiple count adjustment. While the USPO acknowledged that Mr. Matusiewicz took the position that the kidnapping was because he had information one or more of the daughters were being sexual abused, the USPO declined to make any recommendation for mitigation because the USPO said that Mr. Matusiewicz' allegations were "unsubstantiated". (PSI ¶53 and [footnote 8], ¶¶64-75)
>
> 13.)   In ¶¶23-25 of the Presentence Report, the USPO described the signing and notarizing of the loan documents for the house loan at the bank. There is no indication that Mr. Matusiewicz ever told the bank officer, Pryslak, to notarize the documents. There is no indication that Mr. Matusiewicz was even aware that the documents were going to be notarized and, in fact, seems to indicate the opposite. The bank officer, Pryslak, simply took it upon himself to violate the law by notarizing documents which had not been signed in his presence. *But for* Pryslak's failure to insist that the documents had to be signed in his presence, the loan would not have occurred. (CR 37, pages 3-4)
>
> 14.)   Counsel filed objections to the Presentence Report and also filed a sealed sentencing memorandum. In the objections, counsel challenged, *inter alia*, the amount of loss from the loan based on the fact that the bank had been made whole and had not lost a penny over the loan. In the sealed sentencing memo, counsel also pointed out the culpability of the bank officers in unlawfully notarizing the load papers. (PSI Addendum) (CR 37, pages 3-4)
>
> 15.)   On 12-10-09, Mr. Matusiewicz appeared for sentencing. At sentencing, the Court pointed out and counsel agreed that no departures could be

34

considered because the Court had "not seen filed any motion, anything styled a motion for departure" that complied with Local Rules for departures. (Transcript of Sentencing, page 5)

\* \* \* \* \* \* \* \* \* \*

19.) On 12-10-09, Mr. Matusiewicz was sentenced to 48 months incarceration for violations of 18 U.S.C. § 1344 (bank fraud) (Count 1s); 18 U.S.C. § 1204(a) (international parental kidnapping) (Count 4s). This sentence represented the calculations of the Presentence Report with no downward departure or downward variance. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)

\* \* \* \* \* \* \* \* \* \*

## CLAIM NUMBER THREE

40.) Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

41.) Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process as hereinafter more fully appears.

42.) Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

43.) Counsel could have but did not timely move for downward departure or downward variance on the basis of "victim's conduct" involved in both counts of conviction.

44.) More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim bank, acting through its officer "Pryslak" and the banks notary, unlawfully facilitated the equity loan to Mr. Matusiewicz.

45.) More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim ex-wife's sexual abuse of Mr. Matusiewicz' daughter was material to Mr. Matusiewicz' decision to remove the daughters from contact with the ex-wife.

45A.) More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim ex-wife did in fact give explicit approval and permission for Mr. Matusiewicz to refinance the house. While her written stipulation was approved by the Court on 8-23-07 (Appendix, Exhibits G), Mr. Matusiewicz was acting in reliance on the ex-wife's verbal agreement when he refinanced the house.

46.) Counsel's omissions set forth in ¶¶42-45 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

47.) Counsel's omissions set forth in ¶¶42-45 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

48.) Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶42-47 because, absent said omissions, there is

a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that the District Court would have granted a downward departure or downward variance in Mr. Matusiewicz' sentence. This is because, *but for* the acts and omissions of bank officer "Pryslak" and the banks notary, the loan could not have been made and would not have been made. But for Mr. Matusiewicz' panic reaction to the information that his daughter was being sexually abused, he would have continued with primary custody of the children and possession of the family domicile instead of running off to Central America to live in a travel trailer. Did he make a bad judgment by taking the daughters without a court order? Sure. Would any loving and responsible parent NOT panic upon finding out his/her little daughter was being sexually abused? Anyone who can answer "no" to that hasn't had little daughters he/she loved and cared for.

49.)   Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶42-47 because said omissions undermine confidence in the reliability of his sentencing process.

(Statement of Claim ¶¶10, 12-15, 19, 40-49)

Mr. Matusiewicz has also submitted the following proffer to support the foregoing allegations:

62.)   Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Mr. Matusiewicz asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to: **ORDER** that the witnesses set forth in ¶60 allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Matusiewicz, as to the "performance" of counsel, detailed and set forth herein. More specifically, Mr. Matusiewicz requests this Court to allow counsel to question Heriberto A. Medrano as to the reasons for his failures complained of herein. Mr. Matusiewicz requests this Court to allow counsel to question . Mr. Matusiewicz requests this Court to allow counsel to question AUSA Burke as to the terms and conditions which were discussed in the negotiation of Mr. Matusiewicz' plea agreement. Mr. Matusiewicz requests this Court to allow counsel to question Christine Belford or "Christine Matusiewiez" as to the sexual abuse of his daughters. Mr. Matusiewicz requests this Court to allow counsel to question Wilmington Savings Fund Society officer Pryslak and the bank's notary as to the events surrounding the notarization and completion of the equity loan on Mr. Matusiewicz' house.

63.)   Mr. Matusiewicz proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶13, 27-30, 34-38, 42-48, 51, 53-55.

(Statement of Claim ¶¶62-63)

A downward departure in a defendant's sentence is available based on "victim conduct". This is, in fact, an "encouraged factor". *Koon v. United States*, 116 S.Ct. 2035, 2045 (1996) (downward departure based on victim's conduct available under U.S.S.G. § 5K2.0 and U.S.S.G. § 5K2.10).

In *United States v. Venson*, 2011 U.S. Dist. LEXIS 6806 (D MD 2011) the Court granted a downward departure in a mortgage fraud case based on victims conduct; i.e. because of the bank's conduct in facilitating a loan. In *United States v. Raheman-Fazal*, 355 F.3d 40; 2004 U.S. App. LEXIS 853 (1st Cir. 2004) the Court held that the parent of child kidnapped by other parent is also a "victim". See also *United States v. Hasan*, 586 F.3d 161; 2009 U.S. App. LEXIS 24636 (2nd Cir. 2009) (same).

In the instant case, as set forth and pleaded above, *but for* the acts and omissions of bank officer "Pryslak" and the banks notary, the house loan in Mr. Matusiewicz' case could not have been made and would not have been made. But for Mr. Matusiewicz' panic reaction to the information that his daughter was being sexually abused by the victim mother he would have continued with primary custody of the children and possession of the family domicile instead of running off to Central America to live in a travel trailer. Did he make a bad judgment by taking the daughters without a court order? Sure. Would any loving and responsible parent NOT panic upon finding out his/her little daughter was being sexually abused? Anyone who can answer "no" to that hasn't had little daughters he/she loved and cared for.

Was there egregious conduct by the victims in this case? No one can answer "no".

Based on the foregoing facts and law, Mr. Matusiewicz has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696;

37

148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00) and *Porter v. McCollum*, ___ U.S. ___; 130 S. Ct. 447; 2009 U.S. LEXIS 8377 (11-30-09). *See United States v. Venson*, 2011 U.S. Dist. LEXIS 6806 (D MD 2011) (downward departure granted in mortgage fraud case due to victims conduct); *United States v. Raheman-Fazal*, 355 F.3d 40; 2004 U.S. App. LEXIS 853 (1st Cir. 2004) (parent of child kidnapped by other parent is also "victim"); *United States v. Hasan*, 586 F.3d 161; 2009 U.S. App. LEXIS 24636 (2nd Cir. 2009) (same); *Koon v. United States*, 116 S.Ct. 2035, 2045 (1996) (downward departure based on victim's conduct available under U.S.S.G. § 5K2.0 and U.S.S.G. § 5K2.10).

This is because Mr. Matusiewicz has pleaded and provided competent evidence that, absent counsel's unprofessional acts and/or omissions, there is a reasonable probability the outcome of the sentencing processs would have been different, a probability sufficient to "undermine confidence" in the outcome.

Based on all of the foregoing, Mr. Matusiewicz respectfully asks this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

**1B4.)  Mr. Matusiewicz Was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Plea, Sentencing And Direct Appeal Process**

Even where no _single_ error by counsel is sufficient to vacate the conviction and/or sentence of the defendant, prejudice may result from the cumulative impact of multiple deficiencies or errors by counsel during the trial process. _Mathews v. Abramajtys,_ 2003 U.S. App. LEXIS 2187; 2003 FED App. 0045P (6th Cir. 2003) (affirming in part _Mathews v. Abramajtys,_ 2000 U.S. Dist. LEXIS 4635 (E.D. Mich. 4-11-00)).[22]

In Mr. Matusiewicz's case, as set forth in the foregoing arguments and in the Statement of Claim of his Section 2255 motion, counsel's performance was below the objective standard required by the Constitution in multiple areas. While Mr. Matusiewicz respectfully submits that each of the multiple professionally unreasonable acts and omissions of counsel prejudiced him within the meaning of _Strickland,_ he was clearly prejudiced by the cumulative impact of the multiple deficiencies and errors.

Based on the foregoing facts and law, Mr. Matusiewicz has affirmatively pleaded "prejudice" in his case within the meaning of _Strickland v. Washington,_ 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and _United States v. Glover,_ 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and _Williams v. Taylor,_ 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00), due to the "multiplicity of

---

[22] See also _United States v. Russel,_ 2002 U.S. App. LEXIS 9538 (4th Cir. 5-20-02) (vacating denial of motion pursuant to 28 U.S.C. § 2255 and remanding on claim of cumulative error of counsel); _Killian v. Poole,_ 282 F.3d 1204; 2002 U.S. App. LEXIS 3887 (9th Cir. 2001); _Johnson v. Newland,_ 1999 U.S. Dist. LEXIS 427 (ND Cal. 1-15-99); _United States v. Van Dyke,_ 14 F.3d 415, 417-424 (8th Cir. 1994); _Harris By and Through Ramseyer v. Blodgett,_ 853 F.Supp. 1239 (W.D. Wash. 1994); _Harris v. Wood,_ 64 F.3d 1432 (9th Cir. 1995); _Mak v. Blodgett,_ 970 F.2d 614; 1992 U.S. App. LEXIS 15964 (9th Cir. 1992); _United States v. Ramsey,_ 323 F. Supp. 2d 27; 2004 U.S. Dist. LEXIS 12462 (D DC 2004) (granting new trial due to multiple deficiencies of counsel).

errors" which denied Mr. Matusiewicz his Sixth Amendment constitutional right to effective assistance of counsel during the pretrial, plea, sentencing and direct appeal process. *Id.*

Based on all of the foregoing, Mr. Matusiewicz respectfully asks this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

**2.)    AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THIS COURT**

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence. This section also provides as follows:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. § 2255[23]

---

[23] *United States v. Grist*, 1998 U.S. App. LEXIS 20199; 1998 Colo. J. C.A.R. 4384 (10th Cir. 1998) (evidentiary hearing required unless Section 2255 motion, files, and trial record conclusively show petitioner entitled to no relief; court cannot choose between affidavits); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless Section 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994) (petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (same); *Ciak v. United States*, 59 F.3d 296, 306-07 (2nd Cir. 1995) (same); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); *Nichols v. United States*, 75 F.3d 1137, 1145-46 (7th Cir. 1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon*, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00) (petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations); *Guy v. Cockrell*, 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003) (disputed issues of material fact require evidentiary hearing); *Paprocki v. Foltz*, 869 F.2d 281, 287 (6th Cir. 1989) (if there are factual issues in dispute in a section 2255 petition and the record is insufficient to enable the district court to resolve the issue of whether a claim of ineffective assistance of counsel is meritorious, the district court must hold an evidentiary hearing); *Buenoano v. Singletary*, 963 F.2d 1433; 1992 U.S. App. LEXIS 12462 (11th Cir. 1992) ("An evidentiary hearing ... is ... necessary if Buenoano's petition alleges facts that, if true, establish a right to relief.") (citing *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir.1987) and *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991)); *Ellison v. United States*, 324 F.2d 710; 1963 U.S. App. LEXIS 3595 (10th Cir. 1963); *United States v. Gonzalez*, 98 Fed. Appx. 825; 2004 U.S. App. LEXIS 10946 (10th Cir. 2004).

In the instant case as set forth in the Statement of Claim of the Section 2255 motion, and the foregoing arguments, Mr. Matusiewicz has pleaded, presented evidence, and argued the applicable law to demonstrate that his conviction and/or sentence is violative of his Sixth Amendment right to effective assistance of counsel in the pretrial, plea, sentencing and direct appeal process. *Id.*

Mr. Matusiewicz has also submitted the following proffer to support the foregoing allegations:

> 62.) Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Mr. Matusiewicz asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to: **ORDER** that the witnesses set forth in ¶60 allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Matusiewicz, as to the "performance" of counsel, detailed and set forth herein. More specifically, Mr. Matusiewicz requests this Court to allow counsel to question Heriberto A. Medrano as to the reasons for his failures complained of herein. Mr. Matusiewicz requests this Court to allow counsel to question . Mr. Matusiewicz requests this Court to allow counsel to question AUSA Burke as to the terms and conditions which were discussed in the negotiation of Mr. Matusiewicz' plea agreement. Mr. Matusiewicz requests this Court to allow counsel to question Christine Belford or "Christine Matusiewiez" as to the sexual abuse of his daughters. Mr. Matusiewicz requests this Court to allow counsel to question Wilmington Savings Fund Society officer Pryslak and the bank's notary as to the events surrounding the notarization and completion of the equity loan on Mr. Matusiewicz' house.
> 63.) Mr. Matusiewicz proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶13, 27-30, 34-38, 42-48, 51, 53-55.

(Statement of Claim ¶¶62-63)

While many of the allegations are already well established by the files and records of this case, many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records". (See Statement of Claim, ¶¶13, 27-30, 34-38, 42-48, 51, 53-55). These allegations require an evidentiary hearing under well settled law. *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994) (petitioner entitled to evidentiary

hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless Section 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (same); *Ciak v. United States*, 59 F.3d 296, 306-07 (2nd Cir. 1995) (holding that district court erred in denying request for evidentiary hearing when petitioner "alleged facts, which, if found to be true, would have entitled him to habeas relief."); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); *Nichols v. United States*, 75 F.3d 1137, 1145-46 (7th Cir. 1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon*, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00) (petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations); *United States v. Grist*, 1998 U.S. App. LEXIS 20199; 1998 Colo. J. C.A.R. 4384 (10th Cir. 1998) (evidentiary hearing required unless Section 2255 motion, files, and trial record conclusively show petitioner entitled to no relief; court cannot choose between affidavits); *Guy v. Cockrell*, 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003) (disputed issues of material fact require evidentiary hearing).

Based on all of the foregoing, Mr. Matusiewicz respectfully requests this Honorable Court to **ORDER** an evidentiary hearing where he can prove his case.

## **CONCLUSION**

Mr. Matusiewicz has demonstrated by the foregoing argument, the factual allegations of his motion, and the attached verified exhibits, that his conviction and/or sentence is violative of his Sixth Amendment right to effective assistance of counsel in the pretrial, plea, sentencing and direct appeal process in his case.

While many of the allegations are already supported by the record, some need to be developed at an evidentiary hearing.

**WHEREFORE MOVANT** David Matusiewicz respectfully asks this **HONORABLE COURT** to:

**ORDER** an evidentiary hearing as set forth in his motion and, upon proof of his allegations herein,

**ORDER** that Mr. Matusiewicz's conviction be **VACATED** and his indictment be **DISMISSED**; or,

**ORDER** that Mr. Matusiewicz's sentence be **VACATED** and that he be **RESENTENCED** to **TIME SERVED**.

Date: _11 - 13 - 11_

DAVID MATUSIEWICZ
Defendant-Movant
81910-004
P.O. Box 1010
Bastrop, TX 78602

44

# United States District Court
## District of Delaware
## At Wilmington

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Crim. No. 1:08-cr-69-GMS-1** |
| | ) | **Civil No.** |
| Plaintiff-Respondent, | ) | **HON. GREGORY M. SLEET** |
| | ) | **MAG.** |
| vs. | ) | |
| | ) | **CERTIFICATE OF FILING** |
| DAVID MATUSIEWICZ, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Pursuant to the principles of *Houston v. Lack*, 487 U.S. 266, 276 (1988), the attached memorandum in support of motion pursuant to 28 U.S.C. § 2255 was filed with the Court on this date by depositing three copies of same into the prison mail collection box, in sealed envelopes, first class postage affixed and addressed to: **Clerk -- U.S. District Court, 844 North King Street, 4th Floor, Wilmington, DE 19801-3519.**

I have read the foregoing and state that the facts are set forth upon personal knowledge and are true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746, this ___/3___ day
of _____ 2011.

**David Matusiewicz**
81910-004
P.O. Box 1010
Bastrop, TX 78602

45

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔠𝔬𝔲𝔯𝔱
## 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔇𝔢𝔩𝔞𝔴𝔞𝔯𝔢
## 𝔄𝔱 𝔚𝔦𝔩𝔪𝔦𝔫𝔤𝔱𝔬𝔫

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Crim. No. 1:08-cr-69-GMS-1** |
| | ) | **Civil No.** |
| **Plaintiff-Respondent,** | ) | **HON. GREGORY M. SLEET** |
| | ) | **MAG.** |
| vs. | ) | |
| | ) | |
| **DAVID MATUSIEWICZ,** | ) | **VERIFICATION OF EXHIBITS** |
| | ) | |
| **Defendant-Movant.** | ) | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**COMES NOW DEFENDANT-MOVANT David Matusiewicz** and deposes and states as follows:

1.)    I am the Defendant-Movant in the above entitled case and the instant proceedings pursuant to 28 U.S.C. §2255.

2.)    The attached documents are submitted as exhibits in support of my Section 2255 motion. I have personal knowledge of the originals of the exhibits and state that the copies truly and accurately represent said originals.

3.)    I have read the foregoing and state that it is true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746 this _13_ day
of ___APRIL___, 2011.


**DAVID MATUSIEWICZ**
Defendant-Movant
81910-004
P.O. Box 1010
Bastrop, TX 78602

46

BP-S757.013   **INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF**
AUG 02         **PRESENTENCE REPORT AND/OR STATEMENT OF REASONS**   CDFRM
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the following current cause of action or appeal (indicate current case caption, docket no., judicial district, etc.):

**United States v. David Matusiewicz, No. 1:08-cr-69-GMS-1 (D DE)(Judge Sleet)**

My current cause of action or appeal is (check all that apply):

_____ A direct appeal of my original criminal conviction or sentence (filled with the U.S. Court of Appeals);

**X** An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filled with sentencing court or U.S. Court of Appeals); or

_____ Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where necessary, from my **underlying criminal case**, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

**United States v. David Matusiewicz, No. 1:08-cr-69-GMS-1 (D DE)(Judge Sleet)**

**This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.**

Respectfully submitted:

| Inmate Signature **X** _(signature)_ | Inmate Printed Name **David Matusiewicz** |
|---|---|
| Reg. No. **81910-004** | Date Signed<br>**X** _(handwritten)_ ( 3 - 11 | Institution Address<br>**P.O. Box 1010**<br>**Bastrop, TX 78602** |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to **ATTACH** to any court action where, as part of your cause of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicated, and submit it as an **ATTACHMENT** to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an **ATTACHMENT** requesting the court obtain and consider your PSR and/or SOR when needed. <u>You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR you believe relevant to your case.</u>

(This form may be replicated via WP)

**Matusiewicz Exhibit A1**

BP-S757.013 **INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF**
AUG 02    **PRESENTENCE REPORT AND/OR STATEMENT OF REASONS** CDFRM
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the following current cause of action or appeal (indicate current case caption, docket no., judicial district, etc.):

**United States v. David Matusiewicz, No. 1:08-cr-69-GMS-1 (D DE)(Judge Sleet)**

My current cause of action or appeal is (check all that apply):

____ A direct appeal of my original criminal conviction or sentence (filled with the U.S. Court of Appeals);

__X__ An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filled with sentencing court or U.S. Court of Appeals); or

____ Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where necessary, from my **underlying criminal case**, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

**United States v. David Matusiewicz, No. 1:08-cr-69-GMS-1 (D DE)(Judge Sleet)**

**This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.**

Respectfully submitted:

| Inmate Signature  X | Inmate Printed Name  **David Matusiewicz** |
|---|---|
| Reg. No.  **81910-004** | Date Signed  X 4-13-11 | Institution Address **P.O. Box 1010** **Bastrop, TX 78602** |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to ATTACH to any court action where, as part of your cause of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicated, and submit it as an ATTACHMENT to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an ATTACHMENT requesting the court obtain and consider your PSR and/or SOR when needed. You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR you believe relevant to your case.

(This form may be replicated via WP)

**Matusiewicz Exhibit B1**

```
U.S. District Court
District of Delaware (Wilmington)
CRIMINAL DOCKET FOR CASE #: 1:08-cr-00069-GMS-1

Case title: USA v. David Matusiewicz
Date Filed: 04/22/2008
Date Terminated: 12/18/2009

-----------------------------------------------------------------------------
          ---
Assigned to: Judge Gregory M. Sleet
Appeals court case number: 09-4675 USCA

Defendant (1)
David Matusiewicz
TERMINATED: 12/18/2009   represented by Heriberto Medrano
2009 E. Harrison Ave.
Suite B
Harlingen, TX 78550
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED
Designation: Retained

Pending Counts
Disposition
18:1344 - BANK FRAUD (COUNT I - 8/2007)
(1)
18:1344 - BANK FRAUD (COUNT I - 8/2007)
(1s)  IMPRISONMENT: 48 MONTHS ON COUNT I AND 36 MONTHS ON COUNT IV, TO RUN
          CONCURRENTLY; SUPERVISED RELEASE: 5 YEARS ON COUNT I AND ONE YEAR
          ON COUNT IV, TO RUN CONCURRENTLY; FINE: WAIVED; RESTITUTION:
          $9,674; SPECIAL ASSESSMENT: $200
18:1204(a) - INTERNATIONAL PARENTAL KIDNAPPING (COUNT IV - 8/26/2007 THRU
          3/2009)
(4s)  IMPRISONMENT: 48 MONTHS ON COUNT I AND 36 MONTHS ON COUNT IV, TO RUN
          CONCURRENTLY; SUPERVISED RELEASE: 5 YEARS ON COUNT I AND ONE YEAR
          ON COUNT IV, TO RUN CONCURRENTLY; FINE: WAIVED; RESTITUTION:
          $9,674; SPECIAL ASSESSMENT: $200

Highest Offense Level (Opening)
Felony

Terminated Counts
Disposition
18:1014 - MAKING A FALSE STATEMENT ON A LOAN APPLICATION (COUNT II -
          8/15/2007)
(2)
18:1014 - MAKING A FALSE STATEMENT ON A LOAN APLICATION (COUNT II -
          8/15/2007)
(2s)  DISMISSED UPON GOVERNMENT MOTION
18:1957 - ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM
          SPECIFIED UNLAWFUL ACTIVITY (COUNT III - 8/22/2007)
(3s)  DISMISSED UPON GOVERNMENT MOTION

Highest Offense Level (Terminated)
Felony
```

**Matusiewicz Exhibit C1**

```
Complaints
Disposition
None
```

------------------------------------------------------------------------------
          ---

```
Plaintiff
USA   represented by Christopher J. Burke
U.S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Email: Christopher.J.Burke@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
```

Date Filed # Docket Text
04/22/2008 1  MOTION & ORDER to Seal Case by USA as to Sealed Defendant.
              (ljj) (rpg). (Additional attachment(s) added on 5/5/2008: # 1
              Motion to Unseal) (rpg). (Entered: 04/24/2008)
04/22/2008     SO ORDERED granting 1 Motion to Seal Case as to Sealed
              Defendant (1). Signed by Judge Mary Pat Thynge on 4/22/2008.
              (ljj) (Entered: 04/24/2008)
04/22/2008 2   SEALED INDICTMENT as to Sealed Defendant (1) count(s) 1, 2.
              (Original SEALED -to be maintained in the Clerk's office) (ljj)
              (Entered: 04/24/2008)
04/22/2008 3   REDACTED VERSION of 2 Indictment (Sealed) by USA as to Sealed
              Defendant (ljj) (rpg). (Entered: 04/24/2008)
04/22/2008 4  MOTION & ORDER for Bench Warrant by USA as to Sealed Defendant.
              (ljj) (rpg). (Entered: 04/24/2008)
04/22/2008     SO ORDERED re 4 MOTION for Bench Warrant filed by USA (ljj)
              (Entered: 04/24/2008)
05/01/2008     Case unsealed as to Sealed Defendant. (rpg) (Entered:
              05/01/2008)
05/01/2008 5  MOTION AND ORDER to Unseal Case by USA as to Sealed Defendant.
              (rpg) (Entered: 05/01/2008)
05/01/2008     SO ORDERED granting 5 Motion to Unseal Case as to Sealed
              Defendant (1). Signed by Judge Leonard P. Stark on 5/1/2008.
              (rpg) (Entered: 05/01/2008)
04/08/2009     Set Hearings as to David Matusiewicz: Initial Appearance set
              for 4/9/2009 01:00 PM in Courtroom 6C before Judge Leonard P.
              Stark. (rpg) (Entered: 04/08/2009)
04/09/2009     Minute Entry for proceedings held before Judge Leonard P. Stark
              - Initial Appearance as to David Matusiewicz held on 4/9/2009;
              Deft. was present without counsel; Deft. stated that he intended
              to retain counsel; Govt. filed a Motion for a Detention Hearing;
              GRANTED; Deft. Ordered Detained pending a Detention Hearing and
              Arraignment to be held on 4/21/2009 at 9:30 AM in Courtroom 6C
              before the Honorable Leonard P. Stark. (rpg) (Entered:
              04/14/2009)
04/09/2009 6  MOTION to Detain Pending Trial by USA as to David Matusiewicz.
              (rpg) (Entered: 04/14/2009)

**Matusiewicz Exhibit C2**

04/09/2009 7   ORDER OF TEMPORARY DETENTION as to David Matusiewicz, (
                Arraignment set for 4/21/2009 09:30 AM in Courtroom 6C before
                Judge Leonard P. Stark, Detention Hearing set for 4/21/2009 09:30
                AM in Courtroom 6C before Judge Leonard P. Stark ). Signed by
                Judge Leonard P. Stark on 4/9/2009. (rpg) (Entered: 04/14/2009)

04/15/2009      Case assigned to Judge Gregory M. Sleet, as to David
                Matusiewicz. Please include the initials of the Judge (GMS) after
                the case number on all documents filed. (rjb) (Entered:
                04/15/2009)

04/21/2009      Minute Entry for proceedings held before Judge Leonard P. Stark
                - Detention Hearing as to David Matusiewicz held on 4/21/2009;
                Deft. was present with counsel ( Mr. Herberto 'Eddie' Medrano,
                Esq., entered his appearance as retained counsel ); Govt.'s
                Motion for Detention GRANTED. Deft. Ordered Detained Pending
                Trial; ( Oral Order of Detention issued a written Order will
                follow ). (rpg) (Entered: 04/21/2009)

04/21/2009      Minute Entry for proceedings held before Judge Leonard P. Stark
                - Arraignment as to David Matusiewicz (1) Count 1,2 held; Deft.
                was present with counsel; Deft. entered a plea of NOT GUILTY to
                the Indictment. (rpg) (Entered: 04/21/2009)

04/21/2009 8   MOTION AND ORDER for Leave to Appear as Retained Counsel re
                Attorney Heriberto Medrano, Esq., on behalf of David Matusiewicz.
                (rpg) (Entered: 04/21/2009)

04/21/2009      SO ORDERED granting 8 Motion for Leave to Appear as Retained
                Counsel by Heriberto Medrano, Esq., on behalf of David
                Matusiewicz (1). Signed by Judge Leonard P. Stark on 4/21/2009.
                (rpg) (Entered: 04/21/2009)

04/21/2009      ORAL ORDER granting 6 Motion to Detain Pending Trial as to
                David Matusiewicz (1). ( A written Order will follow ). (rpg)
                (Entered: 04/21/2009)

04/21/2009 9   ORDER TO CONTINUE in the Interests of Justice as to David
                Matusiewicz. Time excluded from 4/21/2009 until 5/21/2009, ( Pre-
                Trial Motions due by 5/21/2009 ). Signed by Judge Leonard P.
                Stark on 4/21/2009. (rpg) (Entered: 04/21/2009)

04/21/2009 10  ORDER OF DETENTION as to David Matusiewicz. Signed by Judge
                Leonard P. Stark on 4/21/2009. (rpg) (Entered: 04/21/2009)

04/21/2009 11  SEALED EXHIBIT LIST by USA as to David Matusiewicz. ( Original
                to be maintained in the Clerk's Office ). (rpg) (Entered:
                04/21/2009)

05/07/2009 12  MOTION Pursuant to Rule 404b of Federal Rules of Evidence by
                David Matusiewicz. (Attachments: # 1 Proposed Order)(rpg)
                (Entered: 05/08/2009)

05/07/2009 13  MOTION to Produce Exculpatory, Mitigating and Impeachment
                Evidence by David Matusiewicz. (Attachments: # 1 Proposed
                Order)(rpg) (Entered: 05/08/2009)

05/07/2009 14  MOTION Discovery With Incorporated Authorities by David
                Matusiewicz. (Attachments: # 1 Proposed Order)(rpg) (Entered:
                05/08/2009)

05/07/2009 15  MOTION For Jenck's Act Material by David Matusiewicz.
                (Attachments: # 1 Proposed Order)(rpg) (Entered: 05/08/2009)

05/07/2009 16  MOTION To Discover Criminal Records of Witnesses by David
                Matusiewicz. (Attachments: # 1 Proposed Order)(rpg) (Entered:
                05/08/2009)

05/07/2009 17  MOTION To List Witnesses by David Matusiewicz. (Attachments: #
                1 Proposed Order)(rpg) (Entered: 05/08/2009)

**Matusiewicz Exhibit C3**

05/07/2009  18  MOTION To Reveal Any Deals And/Or Compensation Between
                Government and Witnesses by David Matusiewicz. (rpg) (Entered:
                05/08/2009)
05/20/2009  19  MOTION for Extension of Time to File Additional Motions by
                David Matusiewicz. (mmm) (Entered: 05/22/2009)
05/27/2009  20  ORDER granting 19 Motion for Extension of Time to File
                Additional Pretrial Motions as to David Matusiewicz (1).
                Additional pretrial motions due 6/26/09. Signed by Chief Judge
                Gregory M. Sleet on 5/26/09. (mmm) (Entered: 05/27/2009)
05/27/2009      Set/Reset Deadlines re Motion in case as to David Matusiewicz.
                Additional Pre-Trial Motions due by 6/26/2009. (mmm) (Entered:
                05/27/2009)
05/27/2009  21  Rule 5(c)(3) Documents Received as to David Matusiewicz (mmm)
                (Entered: 05/27/2009)
06/01/2009  22  MOTION for Court Ordered Production of Documents and
                Accounting by David Matusiewicz. (mmm) (Additional attachment(s)
                added on 6/5/2009: # 1 Exhibit) (rpg). (Entered: 06/01/2009)
06/05/2009      Remark: Exhibit 1 attached to d.i. 22 per counsel's telephone
                request. (rpg) (Entered: 06/05/2009)
06/22/2009  23  MOTION Requesting Pre-Trial Sentence Investigation Report by
                David Matusiewicz. (Attachments: # 1 Text of Proposed Order)(rpg)
                (Entered: 06/23/2009)
07/15/2009  24  NOTICE OF SCHEDULING CONFERENCE as to David Matusiewicz.
                Telephonic Scheduling Conference set for 7/20/2009 at 03:15 PM
                before Chief Judge Gregory M. Sleet. (mmm) (Entered: 07/15/2009)
07/15/2009      Remark: A copy of the Notice of Scheduling 24 was faxed to
                Heriberto Medrano, counsel for the defendant, on 7/15/09. (mmm)
                (Entered: 07/15/2009)
07/16/2009  25  SUPERSEDING INDICTMENT with a Notice of Forfeiture as to David
                Matusiewicz (1) count(s) 1s, 2s, 3s, 4s. (Original SEALED - to be
                maintained in the Clerk's office). (ksr) (Entered: 07/17/2009)
07/16/2009  26  REDACTED VERSION of 25 Indictment by USA as to David
                Matusiewicz (ksr) (Entered: 07/17/2009)
07/20/2009  27  RESPONSE to Motion by USA as to David Matusiewicz re 15 MOTION
                For Jenck's Act Material, 23 MOTION Pre-Trial Sentence
                Investigation Report, 22 MOTION to Produce, 17 MOTION To List
                Witnesses, 12 MOTION Defendant's 404b Motion, 13 MOTION to
                Produce Exculpatory, Mitigating and Impeachment Evidence, 14
                MOTION Discovery With Incorporated Authorities, 16 MOTION To
                Discover Criminal Records of Witnesses, 18 MOTION To Reveal Any
                Deals And/Or Compensation Between Government and Witnesses
                (Burke, Christopher) (Entered: 07/20/2009)
07/20/2009      Minute Entry for proceedings held before Judge Gregory M. Sleet
                - Telephone Scheduling Conference as to David Matusiewicz held on
                7/20/09. Court orally denied the production of foreign documents.
                A change of plea hearing is tentatively scheduled for September
                3, 2009, at 10:00 a.m. (Court Reporter Kevin Maurer.) (mmm)
                (Entered: 07/21/2009)
08/28/2009  28  ORDER SCHEDULING RULE 11 HEARING as to David Matusiewicz.
                Change of Plea Hearing set for 9/3/2009 at 10:00 AM in Courtroom
                4A before Chief Judge Gregory M. Sleet. Signed by Chief Judge
                Gregory M. Sleet on 8/28/09. (mmm) (Entered: 08/28/2009)
09/01/2009      ORAL ORDER as to David Matusiewicz: The Change of Plea hearing
                currently scheduled for Thursday, September 3, 2009, at 10:00
                a.m. is RESCHEDULED to Thursday, September 3, 2009, at 9:30 a.m.
                Ordered by Chief Judge Gregory M. Sleet on 9/1/09. (mmm)
                (Entered: 09/01/2009)

**Matusiewicz Exhibit C4**

09/03/2009     Minute Entry for proceedings held before Chief Judge Gregory M.
               Sleet - Change of Plea Hearing held. Plea entered by David
               Matusiewicz (1) Guilty Count 1s,4s. Plea accepted. Sentencing set
               for 12/10/2009 at 10:00 AM in Courtroom 4A before Chief Judge
               Gregory M. Sleet. (Court Reporter Kevin Maurer.) (mmm) (Entered:
               09/03/2009)

09/03/2009  29   PLEA AGREEMENT as to David Matusiewicz (mmm) (Entered:
               09/03/2009)

09/03/2009  30  ORDER SCHEDULING SENTENCING as to David Matusiewicz.
               Sentencing set for 12/10/2009 at 10:00 AM in Courtroom 4A before
               Chief Judge Gregory M. Sleet. Signed by Chief Judge Gregory M.
               Sleet on 9/3/09. (mmm) (Entered: 09/03/2009)

11/25/2009  31  SEALED MOTION for Psychological Evaluation by David
               Matusiewicz. (rpg) (Entered: 11/25/2009)

11/25/2009  32  MOTION to Seal Document by USA as to David Matusiewicz. (rpg)
               (Entered: 11/25/2009)

11/25/2009  33  SEALED RESPONSE to Motion by USA as to David Matusiewicz re 31
               MOTION for Psychiatric Exam. (rpg) (Entered: 11/25/2009)

12/01/2009  34  SO ORDERED granting 32 Motion to Seal as to David Matusiewicz
               (1). Signed by Chief Judge Gregory M. Sleet on 12/1/09. (mmm)
               (Entered: 12/01/2009)

12/02/2009  35  ORDER DENYING re 31 SEALED MOTION filed by David Matusiewicz
               (SEALED - Original to be maintained in the Clerk's Office).
               Signed by Chief Judge Gregory M. Sleet on 12/2/09. (mmm)
               (Entered: 12/02/2009)

12/02/2009  36  Letter to The Honorable Gregory M. Sleet from Christopher
               Burke regarding Sentencing Hearing. (Burke, Christopher)
               (Entered: 12/02/2009)

12/04/2009  37  SENTENCING MEMORANDUM by David Matusiewicz (SEALED - Original
               to be maintained in the Clerk's Office) (mmm) (Entered:
               12/04/2009)

12/07/2009  38  SENTENCING MEMORANDUM by USA as to David Matusiewicz (SEALED -
               Original to be maintained in the Clerk's Office) (mmm) (Entered:
               12/07/2009)

12/09/2009  39  [REDACTED] SENTENCING MEMORANDUM by USA as to David
               Matusiewicz (Burke, Christopher) (Entered: 12/09/2009)

12/10/2009     Minute Entry for proceedings held before Chief Judge Gregory M.
               Sleet - Sentencing held on 12/10/2009. SENTENCE OF THE COURT:
               David Matusiewicz (1), Count(s) 1s, 4s, IMPRISONMENT: 48 MONTHS
               ON COUNT I AND 36 MONTHS ON COUNT IV, TO RUN CONCURRENTLY;
               SUPERVISED RELEASE: 5 YEARS ON COUNT I AND ONE YEAR ON COUNT IV,
               TO RUN CONCURRENTLY; FINE: WAIVED; RESTITUTION: $9,674; SPECIAL
               ASSESSMENT: $200; Count(s) 2s, 3s, DISMISSED UPON GOVERNMENT
               MOTION. (Court Reporter Kevin Maurer.) (mmm) (Entered:
               12/18/2009)

12/16/2009  40  NOTICE OF APPEAL filed by David Matusiewicz. Filing fee $ 455
               TBD. (rpg) (Entered: 12/16/2009)

12/17/2009     USCA Appeal Fees received: $ 455, receipt number 2108 as to
               David Matusiewicz re 40 Notice of Appeal - Final Judgment. (fms)
               (Entered: 12/17/2009)

12/18/2009  41    MOTION to Dismiss Counts Two and Three of the First
                  Superseding Indictment by USA as to David Matusiewicz. (mmm)
                  (Entered: 12/18/2009)
12/18/2009  42    ORDER granting 41 Motion to Dismiss Counts II and III of the
                  First Superseding Indictment as to David Matusiewicz (1). Signed
                  by Chief Judge Gregory M. Sleet on 12/17/09. (mmm) (Entered:
                  12/18/2009)
12/18/2009  43    JUDGMENT as to David Matusiewicz (1), Count(s) 1s, 4s,
                  IMPRISONMENT: 48 MONTHS ON COUNT I AND 36 MONTHS ON COUNT IV, TO
                  RUN CONCURRENTLY; SUPERVISED RELEASE: 3 YEARS ON COUNT I AND ONE
                  YEAR ON COUNT IV, TO RUN CONCURRENTLY; FINE: WAIVED; RESTITUTION:
                  $9,674; SPECIAL ASSESSMENT: $200; Count(s) 2s, 3s, DISMISSED UPON
                  GOVERNMENT MOTION. Signed by Chief Judge Gregory M. Sleet on
                  12/17/09. (mmm) (Entered: 12/18/2009)
12/30/2009  44    NOTICE of Docketing Record on Appeal from USCA for the Third
                  Circuit re 40 Notice of Appeal - Final Judgment filed by David
                  Matusiewicz. USCA Case Number 09-4675. USCA Case Manager: Aina
                  Laws. (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT
                  STAFF) (al, ) (Entered: 12/30/2009)
01/14/2010  45    OFFICIAL TRANSCRIPT of Sentencing Hearing held on 12.10.09
                  before Judge Sleet. Court Reporter/Transcriber: Kevin Maurer.
                  Transcript may be viewed at the court public terminal or
                  purchased through the Court Reporter/Transcriber before the
                  deadline for Release of Transcript Restriction. After that date
                  it may be obtained through PACER. Redaction Request due 2/4/2010.
                  Redacted Transcript Deadline set for 2/16/2010. Release of
                  Transcript Restriction set for 4/14/2010. (kjm) (Entered:
                  01/14/2010)
12/23/2010  46    MANDATE of USCA as to David Matusiewicz re 40 Notice of Appeal
                  - Final Judgment. USCA Decision: Affirmed. (Attachments: # 1
                  Mandate Letter, # 2 Opinion)(al, ) (Entered: 12/23/2010)
01/20/2011  47    Letter to Attorney General Beau Biden, dated 1/14/2011, from
                  Lenore Matusiewicz. (nms) (Entered: 01/20/2011)
01/20/2011  48    Sealed Exhibit re 47 letter (To be maintained on file in
                  Clerk's Office) (nms) (Entered: 01/20/2011)

**Matusiewicz Exhibit C6**

# United States District Court
## District of Delaware
## At Wilmington

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Crim. No. 1:08-cr-00069-GMS-1** |
| | ) | **Civil No.** |
| **Plaintiff-Respondent,** | ) | **HON. GREGORY M. SLEET** |
| | ) | **MAG.** |
| **vs.** | ) | |
| | ) | **AFFIDAVIT OF** |
| **DAVID MATUSIEWICZ,** | ) | **LENORE MATUSIEWICZ** |
| | ) | |
| **Defendant-Movant.** | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

I **Lenore Matusiewicz** being first duly sworn according to law, depose and say as follows:

1.)   I am the mother of David Matusiewicz, the Defendant-Movant in the above entitled case.

2.)   In 2007 and 2009, my granddaughter told me she was hurting between her legs. I checked my granddaughter and observed a rash between her legs from the vaginal area towards her rectum. As I was applying ointment for the rash, I observed that Jane Doe's hymen was not intact. At that time, my granddaughter told me that she did "not like playing the lollipop game". I asked her to tell me about the "lollipop game". My granddaughter was surprised that I did not know about the lollipop game but would not elaborate. I also observed during this time that my granddaughter would wear a double layering of clothing. I remember this because I understood that was something that was consistent with sexual abuse victims.

3.)   I would have testified and/or provided this affidavit to counsel if requested to do so by counsel for the sentencing of Mr. Matusiewicz.

4.)   I will testify to the foregoing under oath.

1

**Matusiewicz Exhibit D1**

5.)    I have read the foregoing and state that the facts are based on my personal knowledge and are true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746 this ___ day
of _____, 2011.

*Lenore Matusiewicz*
**Lenore Matusiewicz**
P.O. Box 6
Edcouch, TX 78538
Phone: 956-587-2674

2

**Matusiewicz Exhibit D2**

# United States District Court
## District of Delaware
## At Wilmington

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:08-cr-00069-GMS-1 |
| | ) | Civil No. |
| Plaintiff-Respondent, | ) | HON. GREGORY M. SLEET |
| | ) | MAG. |
| vs. | ) | |
| | ) | AFFIDAVIT OF |
| DAVID MATUSIEWICZ, | ) | AMY GONZALEZ |
| | ) | |
| Defendant-Movant. | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

I Amy Gonzalez being first duly sworn according to law, depose and say as follows:

1.)     I am the sister of David Matusiewicz, the Defendant-Movant in the above entitled case.

2.)     In the later part of 2006 or in 2007, my niece, the daughter of Mr. David Matusiewicz was bathing at David's residence as I was folding clothes. At that time, I heard sexual moaning noises, as an adult having sex would make. I saw that my niece was making the noises. When I questioned her what she was doing, my niece stated that was her "G-Spot". I questioned her as to who told her about the G-Spot. My niece answered, "Mommy". I was not able to get any further information as another family member arrived.

3.)     During the time frame of middle 2007, I also observed that my niece would wear a double layering of clothing, every time the juvenile went to see her mother, Christine Matusiewicz. I noticed this because it is consistent with my understanding as to how sexual abuse victims dress and the "G-Spot" conversation had alerted me to potential sexual abuse of my niece.

1

**Matusiewicz Exhibit E1**

l

3.)     I would have testified and/or provided this affidavit to counsel if requested to do so by counsel for the sentencing of Mr. Matusiewicz.

4.)     I will testify to the foregoing under oath.

5.)     I have read the foregoing and state that the facts are based on my personal knowledge and are true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746 this ⎯ ⎯ ⎯ day
of _____, 2011.

**Amy Gonzalez**
819 Sinatra Dr
Edinburg, TX 78542

2

**Matusiewicz Exhibit E2**

Search - 1 Result - 2010 U.S. App. LEXIS 24135                    file:///E:/My%20Documents/Clients/Clients%20M-N/Matusiewicz.%20%20D...

Case 1:08-cr-00069-GMS   Document 50   Filed 05/03/11   Page 69 of 81 PageID #: 353

*2010 U.S. App. LEXIS 24135, \**

UNITED STATES OF AMERICA v. DAVID MATUSIEWICZ, Appellant

No. **09-4675**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

2010 U.S. App. LEXIS 24135

November 15, 2010, Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2010, Filed

**NOTICE:** NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING
PROCEDURE RULE 5.7. SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH
BIND THE COURT.

PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1
GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]
On Appeal from the United States District Court for the District of Delaware. (D.C. No. 1-08-cr-
00069-001). District Judge: Honorable Gregory M. Sleet.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** After pleading guilty to bank fraud and international parental
kidnapping under 18 U.S.C.S. §§ 1344, 1204, defendant appealed, arguing the U.S. District Court
for the District of Delaware erred in imposing sentencing enhancements for amount of loss, use of
sophisticated means, involving a vulnerable victim, and abuse of a position of private trust under
U.S. Sentencing Guidelines Manual §§ 2B1.1(b)(1), (9)(C), 3A1.1(b)(1), 3B1.3, respectively.

**OVERVIEW:** Under § 2B1.1, cmt., application n. 3(E)(ii), the pertinent loss amount was the
balance owed on the mortgage when the bank sold the home, less the sale price. The bank's legal
fees were additional expenses incurred for the sale after the fraud (forging an ex-wife's signature to
obtain an equity line of credit). Those fees were properly subtracted from the amount recovered.
The loss amount was proper. Defendant opened a foreign account with a fictitious name, thus
further concealing his fraud; enhancement under § 2B1.1(b)(9)(C), cmt., application n. 8(B) was
proper. The eventual discovery of the fraud did not render the actions any less sophisticated. His
children were vulnerable victims due to their ages and the fact that one was autistic, factors not
incorporated into the applicable U.S. Sentencing Guidelines Manual § 2J1.2(a) offense Guideline.
Those factors facilitated an ability to commit the crime; a vulnerable victim enhancement was
proper. Being a parent with legal joint custody under a court order was not a specific offense

**Matusiewicz Exhibit F1**

characteristic for the kidnapping and was properly used for the § 3B1.3 enhancement.

**OUTCOME:** The sentence was affirmed.

**CORE TERMS:** enhancement, guideline, private trust, kidnapping, vulnerable, recovered, parental, legal fees, plain error, sophisticated, position of trust, daughters, owed, mental condition, custodial parent, vulnerability, commit, expenses incurred, calculation, facilitated, calculated, subtracted, counting, familial, custody, plenary, double, pled guilty, amount of loss, joint custody

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Seth M. Beausang, Esq., Christopher J. Burke, Esq., Office of United States Attorney, Wilmington, DE.

For DAVID MATUSIEWICZ, Defendant - Appellant: Heriberto A. Medrano, Esq., Harlington, TX.

**JUDGES:** Before: AMBRO, FISHER and GARTH, Circuit Judges.

**OPINION BY: FISHER**

**OPINION**

OPINION OF THE COURT

FISHER, *Circuit Judge.*

Appellant David Matusiewicz pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of international parental kidnapping, in violation of 18 U.S.C. § 1204. Matusiewicz argues that the District Court erred in imposing enhancements for the amount of loss, the use of sophisticated means, the involvement of a vulnerable victim, and an abuse of a position of private trust, all of which increased his total offense level. For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Matusiewicz is a father of three [*2] daughters and is divorced from their mother, Christine Belford. Prior to the divorce, Matusiewicz and his family lived at a home on Norva Drive (the "Norva Drive

**Matusiewicz Exhibit F2**

Property") in Delaware. Following the divorce, Belford moved out, and Matusiewicz lived at the Norva Drive Property with his children pursuant to an interim custody order of the Delaware Family Court. The custody arrangement provided that Matusiewicz and Belford would share joint custody.

On August 15, 2007, Matusiewicz forged Belford's signature to obtain a $249,000 home equity loan from Wilmington Savings Fund Society ("WSFS") secured by the Norva Drive Property. On August 21, 2007, the proceeds from the loan were transferred into Matusiewicz's WSFS checking account. Thereafter, the majority of the funds were wire transferred to an account in the Bank of New Zealand that Matusiewicz opened using the name "Thomas Matusiewicz." The government contacted the entity that maintained the account and the funds were returned to WSFS.

On August 26, 2007, Matusiewicz kidnapped his three daughters, L.M.1, L.M.2, and K.M., ages 5, 4, and 2 at the time.[1] L.M.2 has autism. Matusiewicz left Delaware in a motor home, telling Belford that he [*3] was taking the children on a vacation. Instead, Matusiewicz left the country, drove through Central America, and eventually settled in Nicaragua. Law enforcement located Matusiewicz and his daughters over nineteen months later. Meanwhile, WSFS sold the Norva Drive Property when $129,707 was owed on the remaining mortgage debt. WSFS also incurred various expenses to complete the sale.[2]

## FOOTNOTES

[1] Matusiewicz's daughters are referred herein by their initials only.

[2] Matusiewicz and the government disagree on the amount of these costs.

On September 3, 2009, Matusiewicz pled guilty in the United States District Court for the District of Delaware to bank fraud and international parental kidnapping. The probation office prepared a Presentence Investigation Report ("PSR"), recommending seven enhancements to the base offense level. The District Court imposed these enhancements and sentenced Matusiewicz to forty-eight months' imprisonment for the bank fraud charge and thirty-six months' imprisonment for the international parental kidnapping charge, to be served concurrently. Matusiewicz filed a timely notice of appeal.

II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We [*4] have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In evaluating whether a district court erred in determining the applicable Sentencing Guidelines range, we "review factual findings relevant to the Guidelines for clear error and [] exercise plenary review over a district court's interpretation of the Guidelines." *United States v. Grier,* 475 F.3d 556, 570 (3d Cir. 2007) (en banc). We review for plain error when a defendant does not timely object to a district court's determination of the applicable Guidelines range. *See* Fed. R. Crim. P. 52(b); *see also United States v. Hart,* 273 F.3d 363, 375 (3d Cir. 2001).

**Matusiewicz Exhibit F3**

Case 1:08-cr-00069-GMS   Document 50   Filed 05/03/11   Page 72 of 81 PageID #: 356

III.

On appeal, Matusiewicz contends that the District Court erred in imposing four of the seven enhancements. First, he argues that the District Court improperly calculated the loss to WSFS and improperly included legal fees incurred under U.S.S.G. § 2B1.1(b)(1). Second, he challenges the District Court's imposition of the "sophisticated means" enhancement under U.S.S.G. § 2B1.1(b)(9)(C). Third, Matusiewicz asserts that the District Court erred in finding that a "vulnerable victim" enhancement was proper under U.S.S.G. § 3A1.1(b)(1). Finally, he disputes [*5] the applicability of the enhancement for "abuse of a position of trust" pursuant to U.S.S.G. § 3B1.3. We address each argument in turn.

A. Amount of Loss

Matusiewicz advances three arguments as to why the amount of loss was calculated incorrectly for purposes of U.S.S.G. § 2B1.1(b)(1). First, he asserts that the District Court erred in computing the amount WSFS recovered from the sale of the Norva Drive Property. Second, he argues that the District Court used an incorrect value for expenses incurred by WSFS in selling the Norva Drive Property. Third, he asserts that the District Court erred in finding that legal fees may be deducted from the amount WSFS recovered.

In his formal objections to the PSR, Matusiewicz argued that WSFS experienced a "zero loss" fraud because the $249,000 was returned. Because Matusiewicz did not object to the calculation of the individual items of loss before the District Court, we review for plain error. *See Hart*, 273 F.3d at 375. Matusiewicz maintains that the District Court should have calculated the amount WSFS recovered based on the balance of $123,062 owed on the property prior to the fraud, rather than the amount owed at the time of the sale. Under the [*6] Guidelines, loss is reduced by "the amount the victim has recovered at the time of sentencing from disposition of the collateral." U.S.S.G. § 2B1.1 cmt. n.3(E)(ii). The balance owed at the time of the fraud in August 2007 is not the relevant value. Rather, the pertinent amount is $129,707 – the balance owed on the mortgage when WSFS sold the Norva Drive Property. To obtain the amount WSFS recovered, the balance remaining at the time of the sale was subtracted from the sale price. Matusiewicz did not object to this calculation and "[a] conclusion in the presentence investigation report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination." *United States v. McDowell*, 888 F.2d 285, 290 n.1 (3d Cir. 1989). Therefore, the District Court did not commit an error, let alone a plain error, in this regard.

Matusiewicz's argument as to the calculation of legal fees incurred by WSFS fails for the same reason. He contends that the District Court should not have relied on the finding in the PSR that WSFS incurred $33,999 in expenses, but rather should have considered the Delaware Family Court's expense estimate. Because Matusiewicz did not previously raise [*7] this argument, the District Court's reliance on the PSR was an appropriate factual finding and did not constitute plain error. *See id.; see also United States v. Watson*, 482 F.3d 269, 274 (3d Cir. 2007).

Finally, Matusiewicz asserts that the District Court erred by subtracting legal fees that WSFS

**Matusiewicz Exhibit F4**

incurred in selling the Norva Drive Property because the court may consider "[t]he cost of repairs to damaged property" in estimating the loss, but the application note makes no mention of legal fees. U.S.S.G. § 2B1.1 cmt. n.3(C). This argument is not persuasive. The application note's list of factors that a district court should consider is non-exhaustive. *See id.* Moreover, litigation expenses incurred to secure the disposition of collateralized property may be subtracted from the sale price in determining the amount recovered. *See United States v. Sharma,* 190 F.3d 220, 229 (3d Cir. 2009). Here, the legal fees that WSFS paid were additional expenses incurred to sell the property following Matusiewicz's fraud. Therefore, the District Court did not commit plain error in finding that these fees should be subtracted from the amount WSFS recovered. *See Watson,* 482 F.3d at 274.

B. Sophisticated  [*8] Means

Second, Matusiewicz claims that the District Court erred in imposing the enhancement under U.S.S.G. § 2B1.1(b)(9)(C) because forging his ex-wife's signature to obtain a loan and transferring the money abroad does not rise to the level of "sophisticated means." Additionally, Matusiewicz notes that the government was able to recover the money easily. We exercise plenary review over the District Court's analysis of the Guidelines and apply clear error review to factual findings. *See Grier,* 475 F.3d at 570.

"'[S]ophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(9)(C) cmt. n.8(B). To that end, "[c]onduct such as hiding assets or transactions, or both, through the use of . . . offshore financial accounts also ordinarily indicates sophisticated means." *Id.* The District Court found that Matusiewicz used a fictitious name to gain access to a foreign account in the Bank of New Zealand, thereby further concealing his fraud. In addition, the District Court noted that the government expended significant time and resources to uncover the fraud. The District Court did not err in comparing  [*9] the facts to an example explicitly mentioned in the application note. *See Grier,* 475 F.3d at 570. In addition, the fact that the government was eventually able to discover the fraud does not render Matusiewicz's actions any less sophisticated. *See United States v. Wayland,* 549 F.3d 526, 529 (7th Cir. 2008). Therefore, Matusiewicz's argument that the enhancement was improper is unfounded.

C. Vulnerable Victim

Next, Matusiewicz claims that the enhancement for "vulnerable victim" under U.S.S.G. § 3A1.1(b)(1) was unwarranted for two reasons. First, Matusiewicz maintains that the application of the enhancement due to his children's age resulted in impermissible double counting given that the international parental kidnapping statute includes as an element that the child be a minor. Before the District Court, Matusiewicz did not raise this double counting argument. As such, we review for plain error. *See Watson,* 482 F.3d at 274. Second, Matusiewicz insists that the District Court did not make sufficient factual findings to justify imposing this enhancement.

A "'vulnerable victim' means a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable  [*10] . . . and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal

**Matusiewicz Exhibit F5**

conduct." U.S.S.G. § 3A1.1(b)(1) cmt. n.2. This enhancement is not applicable, however, "if the factor that makes the person a vulnerable victim is incorporated in the *offense guideline*." *Id.* (emphasis added). The District Court found that Matusiewicz's children were vulnerable victims due to their young age and the fact that L.M.2 is autistic. Neither of these factors – age or mental condition – are incorporated into the applicable offense guideline, U.S.S.G. § 2J1.2(a).

"[T]he Guidelines explicitly note when double counting is forbidden." *United States v. Fisher,* 502 F.3d 293, 309 (3d Cir. 2007) (internal citation omitted). The enhancement under U.S.S.G. § 3A1.1(b)(1) is improper only when the relevant factor is incorporated in the offense guideline. The fact that the age of the children is also accounted for in the international parental kidnapping statute is, therefore, irrelevant. *See id.* Thus, the District Court did not err in this regard.

As to Matusiewicz's second contention, he argues that the District Court's factual findings do not [*11] justify a vulnerable victim enhancement. He asserts that the District Court imposed the enhancement solely on the basis of the familial bonds between him and his daughters. This "enhancement may be applied where: (1) the victim was particularly susceptible or vulnerable to the criminal conduct; (2) the defendant knew or should have known of this susceptibility or vulnerability; and (3) this vulnerability or susceptibility facilitated the defendant's crime in some manner." *United States v. Zats,* 298 F.3d 182, 186 (3d Cir. 2002).

The District Court properly applied the enhancement in this case. First, the District Court found that all of Matusiewicz's children were five years old or under during the kidnapping. Further, L.M.2 was also dealing with the challenges of autism. Second, Matusiewicz was aware of their vulnerability. Third, the District Court determined that the ages and mental condition of the children facilitated Matusiewicz's ability to commit the crime because their vulnerability prevented them from seeking help. The findings of the District Court were sufficient to justify the enhancement based on the age and mental condition of the children - factors that are specifically [*12] mentioned in the application note.

D. Abuse of a Position of Private Trust

Finally, Matusiewicz disputes the application of the enhancement for an abuse of a position of private trust under U.S.S.G. § 3B1.3. Matusiewicz asserts that the District Court applied this enhancement *solely* because he abused his position of trust as the parent of minor children. Consequently, Matusiewicz argues that this position of trust is a specific offense characteristic of the international parental kidnapping statute and may not form the basis of an enhancement under U.S.S.G. § 3B1.3. Second, Matusiewicz claims that the enhancement for an abuse of a position of private trust is inapplicable to familial relationships. Because these arguments implicate the District Court's interpretation of the Guidelines, our review is plenary. *See Grier,* 475 F.3d at 570.

At the outset, it is critical to note that the District Court's application of the enhancement was not based on the familial relationship between Matusiewicz and his children alone. Rather, the District Court found an abuse of a position of private trust as a result of Matusiewicz's status as a custodial parent pursuant to the order of the Delaware Family [*13] Court. In that capacity, as the District Court pointed out, "there necessarily must be some level of trust between the parents, at a very

**Matusiewicz Exhibit F6**

Case 1:08-cr-00069-GMS Document 50 Filed 05/03/11 Page 75 of 81 PageID #: 359

minimum, that they will adhere to the Family Court's orders and be forthright with one another regarding important decisions in the life and care of their children." (App. 38.)

Turning back to Matusiewicz's first argument, this position of private trust – as a parent given legal joint custody pursuant to a court order – is not a specific offense characteristic of the international parental kidnapping statute and may properly form the basis of the enhancement under U.S.S.G. § 3B1.3.

As to his second argument, Matusiewicz claims that an abuse of a position of private trust includes only business or professional relationships. "'Public or private trust' refers to a position of public or private trust characterized by professional or managerial discretion . . . ." U.S.S.G. § 3B1.3 cmt. n.1. In *United States v. Pardo*, we held that "we are unwilling to draw a bright line limiting the abuse of trust increase to the employment relationship." 25 F.3d 1187, 1190-91 (3d Cir. 1994). To determine whether a position constitutes a position of trust, we consider "(1) [*14] whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority which the position vests in defendant vis-à-vis the object of the wrongful act; and (3) whether there has been reliance on the integrity of the person occupying the position." *Id.* at 1192. Reaffirming *Pardo*, we have determined that a defendant's use of his position in his church where he acted as a teacher, advisor, and counselor to defraud parishioners constituted an abuse of a position of private trust. *See United States v. Dullum*, 560 F.3d 133, 140 (3d Cir. 2009).

Applying the *Pardo* factors here, all three are satisfied. First, Matusiewicz's position as a custodial parent facilitated the kidnapping because he obtained control of the children from Belford under the pretext of taking them on a vacation. Had the Delaware Family Court not granted Matusiewicz partial custody, it would have been more difficult for him to kidnap the children undetected. Second, at the time of the kidnapping, the Delaware Family Court's order allowed him to exercise this control over the children. Third, there was adequate reliance on Matusiewicz's position as custodial parent because Belford and [*15] the Delaware Family Court trusted that he would comply with the court's orders. The District Court's factual findings were not clearly erroneous and its conclusion that Matusiewicz abused his position of trust as a custodial parent was proper. *See Grier*, 475 F.3d at 570.

IV.

For the foregoing reasons, we will affirm the sentence of the District Court.

Source: Legal > Federal Legal - U.S. > Find Cases > Federal Courts by Circuit > Federal Cases By Circuit > **3rd Circuit - US Court of Appeals Cases** ☐
Terms: **09-4675** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Sunday, March 27, 2011 - 3:09 PM EDT

**Matusiewicz Exhibit F7**

Case 1:08-cr-00069-GMS   Document 50   Filed 05/03/11   Page 76 of 81 PageID #: 360

Ln  <u>About LexisNexis</u>  | <u>Privacy Policy</u>  | <u>Terms & Conditions</u>  | <u>Contact Us</u>
    <u>Copyright ©</u>  2011 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**Matusiewicz Exhibit F8**

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

CHRISTINE MATUSIEWICZ,          )
   (now BELFORD),               )
                        )
    Petitioner,                 )        File No. CN06-01004
                        )        Case No. 06-05994
      v.                        )
                        )
DAVID MATUSIEWICZ,              )
                        )
    Respondent.                 )

## STIPULATION AND ORDER

IT IS STIPULATED by and between the parties and their respective counsel of record as

follows:

1.      Each party shall hereafter be the sole owner of his or her own clothing,

jewelry and personal effects.

2.      The marital household furnishings have been divided amicably and each

party shall hereafter be the sole owner of all such items now in his or her possession as a result of

such division.

3.      With respect to motor vehicles:

(a)      Husband shall hereafter be the sole owner of the 2003 Honda

Odyssey and the 1998 Chevrolet truck.

(b)      Wife shall hereafter be the sole owner of the 2003 Jeep Grand

Cherokee.   She shall also be solely responsible for timely payment of the debt thereon with

Chase and shall indemnify and hold husband harmless with respect thereto.

4.      The parties presently own jointly a residence located at 1424 Norva Drive,

Middletown, Delaware.  With respect to such property:

(a)      Husband shall hereafter be the sole owner.

RECEIVED 2011 AUG 2 P 3 38

**Matusiewicz Exhibit G1**

(b) Wife shall promptly execute and deliver to husband's attorney a deed, prepared by husband's attorney and approved as to form by wife's attorney, conveying to husband all her right, title and interest in and to such property. That deed shall be held in escrow by husband's attorney and used solely incident to the refinancing described in paragraph #5 below. Wife shall also cooperate in any other way necessary to facilitate husband's obtaining the financing necessary to fund the payments described in paragraph #5 below.

(c) Husband shall be solely responsible financially for the property and shall indemnify and hold wife harmless with respect thereto.

5. Husband shall utilize his best efforts to obtain refinancing of, at the very least, the mortgage signed jointly the parties to pay wife the sum of $100,000.00 within ninety (90) days from the date of the Court's approval of this stipulation. If, despite his best efforts, husband is unable to obtain the $100,000.00, then he shall:

(a) within the same ninety day period pay wife $50,000.00.

(b) pay her an additional $50,000.00 in twenty-four equal monthly installments of $2,083.33, the first such payment being due thirty (30) days after the payment of the $50,000.00 lump sum.

(c) all payments required by this paragraph #5 are agreed to be property division payments for tax purposes.

6. The parties are the parents of three (3) minor children of their marriage, namely, Laura, born 5/31/02, Leigh, born 9/05/03 and Karen, born 7/13/05. With respect to their support:

(a) Wife's child support obligation to husband for the children has been considered in calculating the $100,000.00 payment amount described above and therefore wife owes no child support to husband through August 31, 2007.

(b) Effective with the month of September, 2007, wife shall, without

prejudice, pay husband $612.00 per month child support. Husband shall within 30 days following the approval of this stipulation by the Court, file a child support petition against wife in the Family Court and shall pursue that petition to completion. Once a final decision has been reached on child support, wife shall pay husband the monthly amount described by such final decision, retroactive to September, 2007 and subject to credit for all payments made by her between September, 2007 and the date of the final decision.

      (c)    At wife's option, the child support she owes to husband between September, 2007 and the lump sum payment due her within ninety days pursuant to paragraph #5 supra may be deducted from the lump sum payment otherwise due her.

    7.    Husband shall hereafter be the sole owner of the following assets and wife waives and releases with prejudice any claims thereto: 

      (a)    317 East Main Street, Newark, Delaware.

      (b)    Wombat Enterprises, Inc.

      (c)    David Thomas Matusiewicz Family Limited Partnership.

      (d)    Vision Center of Delaware.

    8.    Each party shall hereafter be the sole owner of all other assets not expressly dealt with in this Stipulation, now titled in his or her individual name or, if not formally titled, in his or her possession.

    9.    Each party shall hereafter be solely responsible for timely payment of all debts, not expressly dealt with in this Stipulation, incurred by him or her individually.

    10.    Except as otherwise expressly provided herein, each party waives and releases with prejudice all claims against the other which were or could have been asserted in these proceedings, including, but not limited to, claims for property division pursuant to 13 Del. C. §1513, for alimony or support or modifications thereof pursuant to 13 Del. C. §1509, §1512 or §502, or for legal expenses pursuant to 13 Del. C. §1509 or §1515.

**Matusiewicz Exhibit G3**

11.   Each party shall execute and deliver to the other all documents which are reasonably necessary to carry into effect the provisions of this Stipulation.  The parties expressly agree that the provisions of 13 Del. Code §1513(f) shall be applicable.

12.   In the event either party breaches any provision of this Stipulation, he or she shall be required to pay the other party's reasonable legal expenses, including attorney's fees, for prosecuting such breach.

_____
Christine Belford, Petitioner
(formerly Christine Matusiewicz)

_____
Timothy Hitchings, Esquire
100 East Market Street, Suite 2
Newport, DE 19804
(302) 999-9434
Attorney for Christine Belford

_____
David T. Matusiewicz, Respondent

_____
H. Alfred Tarrant, Jr., Esquire
Cooch and Taylor
824 Market Street, #1000
P.O. Box 1680
Wilmington, Delaware 19899-1680
(302) 984-3800
Attorneys for David T. Matusiewicz,
Respondent.

SO ORDERED this 23rd day of August, 2007.

_____
The Honorable Mark Buckworth

HAT/bkb/Matusiewicz
FI.06/173 25170-1
O:\secretaries\BARB\WPWIN60\HAT pleadings\Matusiewicz stipulation and order.wpd

Mailed 8-23-07

08/21/07  08:59   TX/RX NO.7535   P.006

**Matusiewicz Exhibit G4**



DAVID PUTATUNDA REG #81910-004
FCI BASTROP
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 1010
BASTROP  TX  78602

PRIORITY MAIL ®
UNITED STATES POSTAL SERVICE
Visit us at usps.com

☆81910-004☆
Clerk -- Us District Court
Clerk - US District Court
844 N KING ST
4TH Floor
Wilmington, DE  19801 - 3519
United States

U.S. POSTAGE
$0.09