

ORIGINAL

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
# 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔇𝔢𝔩𝔞𝔴𝔞𝔯𝔢
# 𝔄𝔱 𝔚𝔦𝔩𝔪𝔦𝔫𝔤𝔱𝔬𝔫

NCV 1 0 2011

U.S. ... COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:08-cr-69-GMS-1 |
| | ) | Civil No. 1:11-cv-394-GMS |
| Plaintiff-Respondent, | ) | |
| | ) | HON. GREGORY M. SLEET |
| vs. | ) | MAG. |
| | ) | |
| DAVID MATUSIEWICZ, | ) | MOVANT'S TRAVERSE |
| | ) | |
| Defendant-Movant. | ) | |

\* \* \* \* \* \* \* \* \* \*

**COMES NOW DEFENDANT-MOVANT** David Matusiewicz and submits the following traverse to the government's response to his Section 2255 motion[1].

This traverse includes and incorporates by reference the factual allegations, verified pursuant to 28 U.S.C. § 1746, the verified and authenticated exhibits[2], and the legal argument set forth in Mr. Matusiewicz's Section 2255 motion.

## ISSUES PRESENTED

Issue:                                                    Page:

1.)   MR. MATUSIEWICZ HAS, IN FACT AND LAW, STATED AND
      SUPPORTED PRIMA FACIE CLAIMS OF INEFFECTIVE
      ASSISTANCE OF COUNSEL IN SENTENCING ............................................ 11

---

[1] References to this response will hereinafter be "Govt. Resp. [page]". References to Mr. Matusiewicz's Section 2255 motion will be denominated "Section 2255 Motion [page or paragraph]". Unless otherwise indicated, any references to paragraphs in the Section 2255 motion will refer to the numbered paragraphs of the "Statement of Claim" of the motion.

[2] The exhibits were verified and authenticated by and attached to an affidavit so they are competent evidence in these proceedings. *Enriquez v. Procunier*, 752 F.2d 111; 1984 U.S. App. LEXIS 15667 (5th Cir. 1984); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542; 1989 U.S. App. LEXIS 20709 (9th Cir. 1989)

i

**1A.)**  **The Government Attorney's Arguments, That Some Of The Facts Supporting The Claims Of Ineffective Assistance Of Counsel Were Brought To The Court's Attention By Counsel Is Misleading; The Few Facts And Conclusory Arguments Were Found Insufficient By The Court At Sentencing Just As Mr. Matusiewicz Is Alleging Herein** ............ 11

**2.)**  **BASED ON THE FACTS, LAW, AND EVIDENCE SUBMITTED BY MR. MATUSIEWICZ, THE COURT SHOULD GRANT AN EVIDENTIARY HEARING TO ALLOW HIM TO PROVE HIS CASE** ............................................................................................. 12

**3.)**  **THE GOVERNMENT ATTORNEY'S OTHER ARGUMENTS ARE ADEQUATELY ADDRESSED IN THE STATEMENT OF CLAIM AND MEMORANDUM INCORPORATED IN MR. MATUSIEWICZ'S SECTION 2255 MOTION** ................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. Newsome,*

    *795 F.2d 934, 938 [n. 11] (11th Cir. 1986)* ............................................................. *14*

*Blackledge v. Allison,*

    *431 U.S. 63, 75-76, 97 S.Ct. 1621,*

    *52 L.Ed.2d 136 (1977)* ................................................................................................ *13*

*Cain v. Smith,*

    *686 F.2d 374, 380 [n. 10] (6th Cir. 1982)* ...................................................... *14, 15*

*Enriquez v. Procunier,*

    *752 F.2d 111; 1984 U.S. App. LEXIS 15667 (5th Cir. 1984)* ..................................... *i*

*Guy v. Cockrell,*

    *343 F.3d 348; 2003 U.S. App. LEXIS 16632*

    *(5th Cir. 2003)* ........................................................................................................... *15*

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

    *896 F.2d 1542; 1989 U.S. App. LEXIS 20709 (9th Cir. 1989)* ................................... *i*

*Hendricks v. Vasquez,*

    *908 F.2d 490 (9th Cir. 1990)* ................................................................................. *13*

*Lindhorst v. United States,*

    *585 F.2d 361, 365 (8th Cir. 1978)* ......................................................................... *15*

*Machibroda v. United States,*

    *368 U.S. 487, 495, 82 S.Ct. 510,*

    *514, 7 L.Ed.2d 473 (1962)* ................................................................................... *13, 15*

*McBride v. Sharp,*

    *981 F.2d 1234, 1235-36 (11th Cir.)*

    *(per curiam), vac'd and reh'g en banc granted,*

    *999 F.2d 502, rev'd, 25 F.3d 962 (11th Cir.) (en banc).*

    *cert. denied, 513 U.S. 990 (1994)* ........................................................................ *14*

*Meyers v. Collins,*

    *8 F.3d 249, 252-53 (5th Cir. 1993)* ................................................... *14, 15*

*Moore v. United States,*

    *950 F.2d 656, 660-61 (10th Cir. 1991)* .............................................................. *15*

*Paters v. United States,*

    *159 F.3d 1043 (7th Cir. 1998)* ......................................................................... *7*

*Pennsylvania ex rel. Herman v. Claudy,*

    *350 U.S. 116, 119, 76 S.Ct. 223,*

    *225, 100 L.Ed. 126 (1956)* ................................................................................ *13*

*Raines v. United States,*

    *423 F.2d 526, 529-530 (4th Cir. 1970)* ............................................................ *15*

*Smith v. McCormick,*

    *914 F.2d 1153, 1170 (9th Cir. 1990)* ............................................................... *15*

*Teague v. Scott,*

    *60 F.3d 1167, 1171-72 (5th Cir. 1995)* ..................................................... *14, 15*

*United States v. David Matusiewicz,*

    *No. 09-4675; 2010 U.S. App. LEXIS 24135 (3rd Cir. 11-23-10)* ................................................ *3*

*United States v. Dawson,*

   *857 F.2d 923 (3rd Cir. 1988)* ........................................................................... 9

*United States v. Giardino,*

   *797 F.2d 30, 32 (1st Cir. 1986)* ...................................................................... 15

*United States v. Jolly,*

   *2007 U.S. App. LEXIS 25334 (5th Cir. 2007)* .......................................... 15

*United States v. Rodriguez-Rodriguez,*

   *929 F.2d 747(1st Cir. 1991)* ............................................................................ 9

*Williams v. Browman,*

   *981 F.2d 901, 905 (6th Cir. 1992)* ................................................................ 7

*Williams v. Griffin,*

   *952 F.2d 820, 823 (4th Cir. 1991)* ............................................................. 15

## Statutes

*18 U.S.C. § 1014* ................................................................................................ 1

*18 U.S.C. § 1204(a)* .................................................................................. ii, 1, 3

*18 U.S.C. § 1344* ..................................................................................... ii, 1, 3

*18 U.S.C. § 1957* ................................................................................................ 1

*18 U.S.C. § 3553(a)* .......................................................................................... 7

*28 U.S.C. § 2255* ..................................................................................... passim

## Other Authorities

*Fed.R.Crim.P. 11* ............................................................................................... 6

*Rule 6 of the Rules Governing*

   *Section 2255 Proceedings* ....................................................................... 2

v

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts relevant to this traverse are set forth in the Statement of Claim, the verified exhibits of Mr. Matusiewicz's Section 2255 motion. In the Statement of Claim, Mr. Matusiewicz has pleaded *inter alia*:

> 3.)     On or about 4-22-08 David Matusiewicz was charged with violation of 18 U.S.C. § 1344 (bank fraud) (Count 1); 18 U.S.C. § 1014 (making a false statement on a loan application) (Count 2). (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)[1]
>
> 4.)     These charges arose from allegations that he had forged his exwife's signature to obtain a $249,000 home equity loan from Wilmington Savings Fund Society ("WSFS") secured by the house which they jointly owned at that time.
>
> 5.)     He was arraigned on or about 4-21-09 at which time he pleaded not guilty to the charged violations. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)
>
> 6.)     On or about 7-16-09, David Matusiewicz was charged in a superseding indictment with violation of 18 U.S.C. § 1344 (bank fraud) (Count 1s); 18 U.S.C. § 1014 (making a false statement on a loan application ) (Count 2s); 18 U.S.C. § 1957 (money laundering) (Count 3s); 18 U.S.C. § 1204(a) (international parental kidnapping) (Count 4s); (Forfeiture Allegation) . (Appendix, Exhibits C)
>
> 7.)     As in the initial indictment, the bank fraud charges arose from allegations that Mr. Matusiewicz had forged his exwife's signature to obtain a $249,000 home equity loan from Wilmington Savings Fund Society ("WSFS") secured by the house which they jointly owned at that time. The international parental kidnapping charges arose from the fact that he had become aware that one of his daughters was being sexually abused by her mother. He spoke to an attorney about this and was advised to 'take the children and leave'. He subsequently drove the three daughters to Nicaragua in a motor home and lived with them without his exwife's knowledge of their location for approximately 18 months.
>
> 8.)     No motion to suppress was filed or litigated.
>
> 9.)     On or about 9-3-09, Mr. Matusiewicz pleaded guilty to violations of 18 U.S.C. § 1344 (bank fraud) (Count 1s); 18 U.S.C. § 1204(a) (international parental kidnapping) (Count 4s). (Appendix, Exhibits C)
>
> 10.)    When the Presentence Report was prepared, the Probation Officer recommended finding a Total Offense Level 22 and a Criminal History I with a guideline sentencing range of 41-51 months and a statutory maximum of 30 years

---

[1] This refers to the Appendix of Exhibits attached to the memorandum in support of this motion which is filed simultaneously with this motion.

on Count One and 3 years on Count Four. (Appendix, Exhibits A) (Presentence Report, ¶¶54-75, 115, 117-118)

11.)    For Count 1, the bank fraud charge, the USPO recommended a Base Offense Level of 7 with an upward adjustment of 12 levels based on a $201,859.00 'loss' to the bank and a Total Offense Level of 25 after multiple count adjustment. This was in spite of the fact that the USPO acknowledged that the bank actually lost no money at all. (PSI ¶¶56-57, 71-75 and Addendum, pages 30-31)

12.)    For Count 4, the parental kidnapping charge, the USPO recommended a Total Offense Level of 25 after multiple count adjustment. While the USPO acknowledged that Mr. Matusiewicz took the position that the kidnapping was because he had information one or more of the daughters were being sexual abused, the USPO declined to make any recommendation for mitigation because the USPO said that Mr. Matusiewicz' allegations were "unsubstantiated". (PSI ¶53 and [footnote 8], ¶¶64-75)

13.)    In ¶¶23-25 of the Presentence Report, the USPO described the signing and notarizing of the loan documents for the house loan at the bank. There is no indication that Mr. Matusiewicz ever told the bank officer, Pryslak, to notarize the documents. There is no indication that Mr. Matusiewicz was even aware that the documents were going to be notarized and, in fact, seems to indicate the opposite. The bank officer, Pryslak, simply took it upon himself to violate the law by notarizing documents which had not been signed in his presence. *But for* Pryslak's failure to insist that the documents had to be signed in his presence, the loan would not have occurred. (CR 37, pages 3-4)

14.)    Counsel filed objections to the Presentence Report and also filed a sealed sentencing memorandum. In the objections, counsel challenged, *inter alia*, the amount of loss from the loan based on the fact that the bank had been made whole and had not lost a penny over the loan. In the sealed sentencing memo, counsel also pointed out the culpability of the bank officers in unlawfully notarizing the load papers. (PSI Addendum) (CR 37, pages 3-4)

15.)    On 12-10-09, Mr. Matusiewicz appeared for sentencing. At sentencing, the Court pointed out and counsel agreed that no departures could be considered because the Court had "not seen filed any motion, anything styled a motion for departure" that complied with Local Rules for departures. (Transcript of Sentencing, page 5)

16.)    The Court also observed that most of counsel's "objections" were not really "objections" but instead were "simply arguments on how the Court should interpret the facts of the case, which in my view would more properly have been presented either in your sentencing memorandum, which was a separate document, or else today at sentencing." (Transcript of Sentencing, page 4)

17.)    The Court reviewed the "objections" that the Court felt were actually objections and then denied them to the extent that they affected the guideline sentencing range. The Court adopted both the facts set forth in the Presentence Report (Transcript of Sentencing, page 10) and the sentence calculation of the Presentence Report. (Transcript of Sentencing, page 24)

2

18.)   Along the way, the Court observed that Mr. Matusiewicz had brought to its attention an allegation that his daughter was being sexual abused by his ex wife and that this was why he had left with the children. The Court then stated that this allegation was apparently based on a one time unsubstantiated remark by his daughter so the Court didn't believe this was the cause of Mr. Matusiewicz leaving the country with the daughters. (Transcript of Sentencing, page 67)

19.)   On 12-10-09, Mr. Matusiewicz was sentenced to 48 months incarceration for violations of 18 U.S.C. § 1344 (bank fraud) (Count 1s); 18 U.S.C. § 1204(a) (international parental kidnapping) (Count 4s). This sentence represented the calculations of the Presentence Report with no downward departure or downward variance. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)

20.)   Counsel filed a direct appeal. In the appeal, counsel raised the following issues:

> 1. Did the district court err in calculating a loss of $201,859 and imposing a "loss amount" enhancement of +12 levels pursuant to 2008 U.S.S.G. § 2B1.1(b)(1)?
>
> 2. Did the district court err in imposing a +2 level "sophisticated means" enhancement pursuant to 2008 U.S.S.G. § 2B1.1(b)(9)(C)?
>
> 3. Did the District Court err in imposing a +2 level "vulnerable victim" enhancement pursuant to 2008 U.S.S.G. § 3A1.1(b)?
>
> 4. Did the District Court err in imposing a +2 level "breach of private trust" enhancement pursuant to 2008 U.S.S.G. § 3B1.3?

(Matusiewicz USCA Brief, page ii)

21.)   On 11-23-10, the Court of Appeals denied Mr. Matusiewicz's direct appeal. In denying the appeal, the Court of Appeals did not consider whether any departure or variance in Mr. Matusiewicz' sentence would have been appropriate. *United States v. David Matusiewicz*, No. 09-4675; 2010 U.S. App. LEXIS 24135 (3rd Cir. 11-23-10).

22.)   No Petition for Writ of Certiorari was timely filed with the Supreme Court.

23.)   Mr. Matusiewicz provided counsel with complete and accurate information and did not place any restrictions on counsel.

24.)   Mr. Matusiewicz relied completely and in all material respects on the advice of counsel.

## CLAIM NUMBER ONE

25.)   Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

26.)   Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process sentencing process as hereinafter more fully appears.

3

27.)    Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

28.)    Counsel could have but did not introduce the testimony of Mr. Matusiewicz' sister and mother to further demonstrate that his daughter was being sexually abused by her mother and failed to timely and properly move for downward departure or downward variance on this grounds. The nature and availability of their testimony or affidavits were brought to counsel's attention by Mr. Matusiewicz and he specifically asked counsel to present that information at sentencing.

29.)    Counsel's omissions set forth in ¶¶27-28 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

30.)    Counsel's omissions set forth in ¶¶27-28 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

30.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶27-30 because, absent said omissions, there is a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that the Court would have granted a downward departure or a downward variance because of the mitigating circumstances involved in Mr. Matusiewicz' removal of his children from contact with their mother. This is because the testimony and/or affidavit of his mother and sister would have shown that Mr. Matusiewicz acts and omissions in this case were effected in material part because of a rational belief that his daughters were being subjected to sexual abuse and would be further subjected to sexual abuse if they had further contact with their mother. The testimony and/or affidavit of his mother and sister were such that a rational and caring father would have been subjected to enormous and rational fear for the safety and well being of his daughters if allowed unsupervised contact with their mother as was allowed and ordered by the Family Court. The the testimony and/or affidavit of his mother and sister would have shown that he and his family became aware of the sexual abuse of his daughter by her mother simultaneously with the events charged in the indictment and that any planning for the events charged in the indictment occurred simultaneously with Mr. Matusiewicz' discovery of the sexual abuse. (Appendix, Exhibits D-E)

31.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶27-30 because said omissions undermine confidence in the reliability of his sentencing process.

## CLAIM NUMBER TWO

32.)    Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

4

33.)    Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process as hereinafter more fully appears.

34.)    Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

35.)    Counsel could have but did not timely and properly move for downward departure or downward variance on the grounds that the bank suffered no actual loss from bank fraud and that the guidelines therefore overstated the loss involved.

36.)    Counsel's omissions set forth in ¶¶34-35 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

37.)    Counsel's omissions set forth in ¶¶34-35 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

38.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶34-37 because, absent said omissions, there is a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that the District Court would have granted a downward departure or downward variance in his case because the guidelines grossly overstated the actual loss to the bank because there was no loss at all. Even if the absence of loss was partially due to the government's recovery of funds, it was also due in material part to the fact that Mr. Matusiewicz did not make a loan larger than the actual equity in the home. To the extent that the bank 'dumped' the house at a reduced price instead of selling it for market value, this should not reflect against Mr. Matusiewicz.

39.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶34-37 because said omissions undermine confidence in the reliability of his sentencing process.

## CLAIM NUMBER THREE

40.)    Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

41.)    Mr. Matusiewicz's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing process as hereinafter more fully appears.

42.)    Counsel could have but did not timely move for downward departure and downward variance in Mr. Matusiewicz' case as required by Local Rules. (Transcript of Sentencing, pages 4-5)

43.)    Counsel could have but did not timely move for downward departure or downward variance on the basis of "victim's conduct" involved in both counts of conviction.

44.)    More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim bank, acting

5

through its officer "Pryslak" and the banks notary, unlawfully facilitated the equity loan to Mr. Matusiewicz.

45.)    More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim ex-wife's sexual abuse of Mr. Matusiewicz' daughter was material to Mr. Matusiewicz' decision to remove the daughters from contact with the ex-wife.

45A.)    More specifically, counsel could have but did not timely move for downward departure or downward variance because the victim ex-wife did in fact give explicit approval and permission for Mr. Matusiewicz to refinance the house. While her written stipulation was approved by the Court on 8-23-07 (Appendix, Exhibits G), Mr. Matusiewicz was acting in reliance on the ex-wife's verbal agreement when he refinanced the house.

46.)    Counsel's omissions set forth in ¶¶42-45 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Matusiewicz during the sentencing process.

47.)    Counsel's omissions set forth in ¶¶42-45 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Matusiewicz's case and cause during the sentencing process.

48.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶42-47 because, absent said omissions, there is a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that the District Court would have granted a downward departure or downward variance in Mr. Matusiewicz' sentence. This is because, *but for* the acts and omissions of bank officer "Pryslak" and the banks notary, the loan could not have been made and would not have been made. But for Mr. Matusiewicz' panic reaction to the information that his daughter was being sexually abused, he would have continued with primary custody of the children and possession of the family domicile instead of running off to Central America to live in a travel trailer. Did he make a bad judgment by taking the daughters without a court order? Sure. Would any loving and responsible parent NOT panic upon finding out his/her little daughter was being sexually abused? Anyone who can answer "no" to that hasn't had little daughters he/she loved and cared for.

49.)    Mr. Matusiewicz was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶42-47 because said omissions undermine confidence in the reliability of his sentencing process.

## CLAIM NUMBER FOUR

50.)    Mr. Matusiewicz restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-49 herein.

51.)    Counsel unprofessionally failed to advise Mr. Matusiewicz as to all facts and law relevant to his decision to plead guilty. Had Mr. Matusiewicz been fully advised, and had counsel competently pursued a more favorable plea agreement, there is a reasonable probability that he would have pleaded guilty with a more favorable plea agreement such as an agreement under Fed.R.Crim.P. 11(c)(1)(C) which limited his maximum sentence. But for counsel's

6

unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

52.)   Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence of Mr. Matusiewicz and counsel could have but did not timely move for dismissal of the indictment. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

53.)   Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Matusiewicz. Counsel also unprofessionally failed to object to, unlawful, false and unreliable evidence used to determine Mr. Matusiewicz's guideline sentencing range and ultimate sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

54.)   Mr. Matusiewicz was prejudiced by the objectively unreasonable performance of counsel during the sentencing process, when counsel unprofessionally failed to *timely* move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in Mr. Matusiewicz's case. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different. (Transcript of Sentencing, pages 4-5)

55.)   Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. Matusiewicz for his direct appeal and failed to preserve viable issues for collateral review. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

56.)   Mr. Matusiewicz's counsel labored under an actual conflict of interest which adversely affected his performance during the pretrial, plea, sentencing and direct appeal process in this case. Counsel owed a 'duty' other than to Mr. Matusiewicz. This duty was in conflict with the duty owed to Mr. Matusiewicz. Counsel chose between the duties. This choice adversely affected the performance of counsel during the pretrial, plea, sentencing and direct appeal process.

57.)   Mr. Matusiewicz's conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the pretrial, plea, sentencing and direct appeal process due to both the individual errors and the multiplicity of errors by counsel as set forth herein.

(Section 2255 Motion, pages 8-19, ¶¶3-57) (Statement of Claim)[2]

---

[2] As can be seen from the quotation, the factual allegations of the Statement of Claim of Mr. Matusiewicz's Section 2255 motion are sworn to under penalty of perjury, under 28 U.S.C. § 1746. As such, they are entitled to be treated as an affidavit and are competent evidence in these proceedings. *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998) (citing *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992))

In the memorandum of law filed with Mr. Matusiewicz's Section 2255 motion, he has presented substantial authority and legal argument supporting the relief requested in the claims made in his motion. These arguments include:

1.)   **THE CONVICTION AND/OR SENTENCE OF MR. MATUSIEWICZ IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL** ................... 6

1A.)   **The Performance Of Counsel For Mr. Matusiewicz Fell Below An Objective Standard Of Reasonableness During The Pretrial, Plea, Sentencing And Direct Appeal Process**............................. 6

1B1.)  **Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Introduce The Testimony Of Mr. Matusiewicz' Sister And Mother To Further Demonstrate That His Daughter Was Being Sexually Abused By Her Mother And Failed To Timely And Properly Move For Downward Departure Or Downward Variance On This Grounds** .......................................................................... 18

1B2.)  **Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Grounds That The Bank Suffered No Actual Loss From Bank Fraud**.................... 29

1B3.)  **Mr. Matusiewicz Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing Process, When Counsel Failed To Timely And Properly Move For Downward Departure Or Downward Variance On The Basis Of "Victim's Conduct" Involved In Both Counts Of Conviction**............................ 34

1B4.)  **Mr. Matusiewicz Was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or**

8

**Errors By Counsel During The Pretrial, Plea, Sentencing And Direct Appeal Process**.............................. 39

2.)     **AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THIS COURT**.................................................................41

(Memorandum in Support of Section 2255 motion, pages ii-iii, referencing pages 6-41 of Mr.

Matusiewicz's Memorandum in Support of his Section 2255 motion)

While the government has argued that Mr. Matusiewicz's Section 2255 motion should be

denied, the government attorney has provided no competent extra-record evidence to rebut these

highly specific facts. Under these circumstances, the Court should accept these allegations as

true for purposes of deciding whether to grant an evidentiary hearing. [3]

The government has responded to Mr. Matusiewicz's section 2255 motion by

mischaracterizing his allegations, the record, and the basis of his claims. More specifically, the

attorney has argued that counsel actually presented some of the facts supporting a downward

variance to the Court at sentencing, so, the attorney's argument goes, the Court's failure to make

a downward variance proves that the Court wouldn't have entertained a properly supported and

argued motion for downward departure.

Mr. Matusiewicz points out within that these arguments by the government attorney are

contrary to the record and contrary to applicable law.

To further clarify the issues, Mr. Matusiewicz has, with this traverse, filed a Statement Of

Undisputed Issues Of Material Fact. In this document, he has specifically pointed out the facts

which are not in dispute and which are material to the resolution of his Section 2255 motion. For

---

[3] *See United States v. Dawson*, 857 F.2d 923, 927-928 (3rd Cir. 1988) and *United States v. Rodriguez-Rodriguez*, 929 F.2d 747, 752 (1st Cir. 1991)

the sake of brevity and clarity, these undisputed issues of material fact are not enumerated here and have, instead, been referenced in Argument Number 2 of this traverse.

Mr. Matusiewicz demonstrates within that (1.) Mr. Matusiewicz has, in fact and law, stated and supported prima facie claims of ineffective assistance of counsel in sentencing; (2.) based on the facts, law, and evidence submitted by Mr. Matusiewicz, the Court should grant an evidentiary hearing to allow him to prove his case; and (3.) the government attorney's other arguments are adequately addressed in the statement of claim and memorandum incorporated in Mr. Matusiewicz's Section 2255 Motion.

## ARGUMENT

**1.)   MR. MATUSIEWICZ HAS, IN FACT AND LAW, STATED AND SUPPORTED PRIMA FACIE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL IN SENTENCING.**

As set forth above, in his Section 2255 motion, Mr. Matusiewicz has pleaded and supported claims of ineffective assistance of counsel in his case including, *inter alia*, claims of ineffective assistance of counsel in sentencing when counsel failed to present competent, probative, available evidence together with available supporting authorities in a format which complied with the Court's Rules for bringing and granting downward departures. These allegations and argument support prima facie claims of ineffective assistance of counsel as set forth in Claims Number One thru Four of his Section 2255 motion and Arguments 1A-1B4 of his supporting memorandum.

**1A.)   The Government Attorney's Arguments, That Some Of The Facts Supporting The Claims Of Ineffective Assistance Of Counsel Were Brought To The Court's Attention By Counsel Is Misleading; The Few Facts And Conclusory Arguments Were Found Insufficient By The Court At Sentencing Just As Mr. Matusiewicz Is Alleging Herein.**

In the government brief, their attorney has argued that Mr. Matusiewicz's Claims Number One thru Three of his Section 2255 motion should be denied because, government counsel asserts, counsel actually presented some of the facts supporting a downward variance to the Court at sentencing, so, the attorney's argument goes, the Court's failure to make a downward variance proves that the Court wouldn't have entertained a properly supported and argued motion for downward departure.

Simple examination of Mr. Matusiewicz's Claims Number One thru Three demonstrates that counsel could have done and should have done more to defend Mr. Matusiewicz at sentencing. While the government is correct that counsel asked for a downward variance in his

11

sealed sentencing memo (CR 37), examination of that memo demonstrates that counsel simply

pasted in some boilerplate and then asked for the downward variance because:

> Full restitution, and additional profit, has been made to/by WSFS Bank. His
> motive in removing his children stems from a belief that his daughter was being
> abused calls for mitigation of punishment as well.

(CR 37, page 11)

The Court found not only that counsel's written submissions were procedurally deficient

but also that counsel's argument at sentencing didn't make up for the errors. (Transcript of

Sentencing pages 5, 58, 61-62) That is the issue that Mr. Matusiewicz is presenting in his Section

2255 motion.

Based on the foregoing, this Court should find that the government attorney's arguments,

that some of the facts supporting the claims of ineffective assistance of counsel were brought to

the court's attention by counsel is misleading; the few facts and conclusory arguments were

found insufficient by the Court at sentencing just as Mr. Matusiewicz is alleging herein.

Based on all of the foregoing, this Court should find that Mr. Matusiewicz has, in fact and

law, stated and supported prima facie claims of ineffective assistance of counsel in sentencing.

**2.)   BASED ON THE FACTS, LAW, AND EVIDENCE SUBMITTED BY
MR. MATUSIEWICZ, THE COURT SHOULD GRANT AN
EVIDENTIARY HEARING TO ALLOW HIM TO PROVE HIS
CASE**

Title 28, United States Code, Section 2255 provides that a prisoner in custody under

sentence of a court established by Act of Congress claiming the right to be released or for

reduction of sentence may move the court which imposed the sentence to vacate, set aside or

correct the sentence. This section also provides as follows:

> "Unless the motion and the files and records of the case conclusively show that
> the prisoner is entitled to no relief, the court shall cause notice thereof to be

12

served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. § 2255 [4]

The district court may enter an order for the summary dismissal of Section 2255 motion only "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court..." Rule 4, Rules Governing Section 2255 Proceedings. Summary dismissal is appropriate only where the allegations in the motion are "vague [or] conclusory" or "palpably incredible", *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76, 97 S.Ct. 1621, 1629-30, 52 L.Ed.2d 136 (1977) (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)), or "patently frivolous or false." *Id.* at 76, 97 S.Ct. at 1630 (quoting *Pennsylvania ex rel. Herman v. Claudy*, 350 U.S. 116, 119, 76 S.Ct. 223, 225, 100 L.Ed. 126 (1956)); J. Liebman and R. Hertz, *Federal Habeas Corpus Practice and Procedure*, § 41.5b [n. 9], § 41.6d [n. 10-13] (3rd Ed. 1998)

---

[4] See also *United States v. Galloway*, 56 F.3d 1239, 1240 [n.1] (10th Cir. 1995) (en banc) (A hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.") and *Ciak v. United States*, 59 F.3d 296, 306-07 (2nd Cir. 1995) (District Court should have granted evidentiary hearing because movant "alleged facts, which, if found to be true, would have entitled him to *habeas* relief) and *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (District Court erred by denying evidentiary hearing on allegations of ineffective assistance of counsel that were neither inadequate on their face nor conclusively refuted by the record) and *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief) and *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994) (petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief) and *United States v. Magini*, 973 F.2d 261, 264-65 (4th Cir. 1992) (petitioner entitled to evidentiary hearing when motion presented colorable claim and material facts beyond the record are in dispute) and *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994)(same) and J. Liebman and R. Hertz, *Federal Habeas Corpus Practice and Procedure*, § 41.5b [n. 9], § 41.6d [n. 10-13] (3rd Ed. 1998) (same)

Where the Court considers matters beyond the pleadings, Rule 56 of the Federal Rules of Civil Procedure is applicable to the proceedings by virtue of Rule 11 of the Rules Governing Section 2255 Proceedings. *Allen v. Newsome*, 795 F.2d 934, 938 [n. 11] (11th Cir. 1986) (construing analogous Rule 11 of the Rules Governing Section 2254 Proceedings); *Balogun v. INS*, 9 F.3d 347, 352 (5th Cir. 1993) (District Court erred in dismissing petition on basis of exhibits attached to respondents' answer without first giving petitioner "notice that he was considering recommending summary judgment in favor of respondents … [and] time to reply to respondents' memorandum"); *McBride v. Sharp*, 981 F.2d 1234, 1235-36 (11th Cir.) (*per curiam)*, *vac'd and reh'g en banc granted*, 999 F.2d 502, *rev'd*, 25 F.3d 962 (11th Cir.) (*en banc*), *cert. denied*, 513 U.S. 990 (1994) ("When a district court considers matters outside of the pleadings in rendering judgment, the action is in the nature of an order granting summary judgment, … and the court must comply with the summary judgment notice requirements of Federal Rule of Civil Procedure 56(c)," including the 10-day notice rule).

Under Rule 56 of the Federal Rules of Civil Procedure summary judgment is *not* appropriate where, viewing the evidence in the light most favorable to the non-moving party, the factual allegations are sufficient to permit a reasonable factfinder to conclude that the Section 2255 movant has stated a viable claim for relief. *Teague v. Scott*, 60 F.3d 1167, 1171-72 (5th Cir. 1995); *Meyers v. Collins*, 8 F.3d 249, 252-53 (5th Cir. 1993); *Cain v. Smith*, 686 F.2d 374, 380 [n. 10] (6th Cir. 1982).

Where a case presents extra record[5] material factual issues which turn upon a credibility determination of the witnesses, such as where opposing affidavits are submitted, the District Court cannot make the credibility determination by simply choosing between the affidavits

14

without an evidentiary hearing. *United States v. Stuffle*, 1997 U.S. App. LEXIS 21010 (4th Cir. 1997) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *United States v. Grist*, 1998 U.S. App. LEXIS 20199 (10th Cir. 1998) (citing *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962) and citing *Moore v. United States*, 950 F.2d 656, 660-61 (10th Cir. 1991)); *United States v. Jolly*, 2007 U.S. App. LEXIS 25334 (5th Cir. 2007) (collecting cases as to "warning[s] that this court has had to make repeatedly in the recent past"); *Guy v. Cockrell*, 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003) (conflicts between several affidavits of same witness and lack of clear record as to performance of counsel required evidentiary hearing). [6]

In the instant case, the government has responded to Mr. Matusiewicz's Section 2255 motion by moving for denial of the motion. The government has made reference to matters outside and beyond the "pleadings" of the motion, so Federal Rule of Civil Procedure 56 requires that the Court view the evidence in the light most favorable to the non-moving party, Mr. Matusiewicz. *Teague v. Scott*, 60 F.3d 1167, 1171-72 (5th Cir. 1995); *Meyers v. Collins*, 8 F.3d 249, 252-53 (5th Cir. 1993); *Cain v. Smith*, 686 F.2d 374, 380 [n. 10] (6th Cir. 1982). Viewed in the light most favorable to Mr. Matusiewicz, his Section 2255 motion states a viable claim for relief.

---

[5] This is to say, material factual issues which are not part of the "files and records" of the criminal case underlying the Section 2255 motion.

[6] See also *Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990) (same); *United States v. Giardino*, 797 F.2d 30, 32 (1st Cir. 1986) (same); *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1978) (same). This is just as true where an affidavit is submitted by prior counsel opposing the defendant's sworn factual allegations in an ineffective assistance of counsel claim. *Id.* Simply stated, "[t]he district court cannot prefer the lawyer's affidavit to Appellant's verified pleadings without a hearing." *United States v. Stuffle*, 1997 U.S. App. LEXIS 21010 (4th Cir. 1997) "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." *Id.* (quoting *Raines v. United States*, 423 F.2d 526, 529-530 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)

15

Based the facts, law, and evidence submitted by Mr. Matusiewicz, the Court should grant an evidentiary hearing to allow him to prove his case.

**3.)   THE GOVERNMENT ATTORNEY'S OTHER ARGUMENTS ARE ADEQUATELY ADDRESSED IN THE STATEMENT OF CLAIM AND MEMORANDUM INCORPORATED IN MR. MATUSIEWICZ'S SECTION 2255 MOTION.**

Counsel for the government has raised additional argument in their response to Mr. Matusiewicz's Section 2255 motion. Each of these arguments is adequately addressed in the Statement of Claim and the memorandum incorporated in Mr. Matusiewicz's Section 2255 Motion. To avoid prolixity, Mr. Matusiewicz respectfully asks this Honorable Court to review his Statement of Claim and the arguments set forth in his memorandum.

Based on the specific, sworn, factual allegations of the Statement of Claim, as well as the verified exhibits attached thereto and the argument and authorities set forth in Mr. Matusiewicz's memorandum, the government attorney's arguments are not well taken and should be rejected by this Court.

17

## CONCLUSION

Based on all of the foregoing, Mr. Matusiewicz respectfully asks this Honorable Court to:

A.)    **FIND** that the government opposition to his Section 2255 motion is not

well taken; and,

B.)    **ORDER** an evidentiary hearing as set forth and requested in his Section

2255 motion so that he can prove his case.

Date: _11/2/11_

Respectfully submitted,

**David Matusiewicz**
**Movant**
81910-004
P.O. Box 1010
Bastrop, TX 78602

18

FEDERAL CORRECTIONAL INSTITUTION
DAVID MARSIEWICZ
REG # 81910 001
PO BOX 1010
BASTROP TX 78602

≈ 81910-004 ≈
Clerk - US District Court
Clerk - US District Court
844 N KING STREET
4TH Floor
Wilmington, DE - 19801 - 3519
United States