ORIGINAL

# United States District Court
## District of Delaware
## At Wilmington

NOV 10 2011

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 1:08-cr-69-GMS-1 |
| ) | Civil No. 1:11-cv-394-GMS |
| Plaintiff-Respondent, ) | HON. GREGORY M. SLEET |
| ) | MAG. |
| vs. ) | |
| ) | |
| DAVID MATUSIEWICZ, ) | MOVANT'S RENEWED |
| ) | MOTION FOR DISCOVERY |
| Defendant-Movant. ) | |

\* \* \* \* \* \* \* \* \* \*

**COMES NOW DEFENDANT-MOVANT David Matusiewicz** and renews his motion for discovery which was included in his Section 2255 motion. The grounds for this motion hereinafter more fully appear:

1.) Disputed issues of material fact exist in this case as set forth more fully in the Mr. Matusiewicz's Statement Of Disputed Issues Of Material Fact filed with this renewed motion. The disputed issues cannot be determined from either the files and records of this case or from the Court's recollection of events because they occurred outside the courtroom and outside the presence of the Court.

2.) Both the plain language of 28 U.S.C. § 2255 and case law construing this section mandate that the material factual disputes be resolved as part of the Court's determination of the Section 2255 motion.

3.) The requested discovery may well resolve the material factual disputes without the need for an evidentiary hearing, thereby conserving judicial resources.

1

## CONCLUSION

4.) For all of the foregoing reasons, Mr. Matusiewicz respectfully requests this Honorable Court to grant the discovery requested in his Section 2255 motion by allowing him the following discovery requested in his Section 2255 motion:

> 62.) Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Mr. Matusiewicz asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to: **ORDER** that the witnesses set forth in ¶60 allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Matusiewicz, as to the "performance" of counsel, detailed and set forth herein. More specifically, Mr. Matusiewicz requests this Court to allow counsel to question Heriberto A. Medrano as to the reasons for his failures complained of herein. Mr. Matusiewicz requests this Court to allow counsel to question . Mr. Matusiewicz requests this Court to allow counsel to question AUSA Burke as to the terms and conditions which were discussed in the negotiation of Mr. Matusiewicz' plea agreement. Mr. Matusiewicz requests this Court to allow counsel to question Christine Belford or "Christine Matusiewiez" as to the sexual abuse of his daughters. Mr. Matusiewicz requests this Court to allow counsel to question Wilmington Savings Fund Society officer Pryslak and the bank's notary as to the events surrounding the notarization and completion of the equity loan on Mr. Matusiewicz' house.
>
> 63.) Mr. Matusiewicz proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶13, 27-30, 34-38, 42-48, 51, 53-55.

(Section 2255 motion, Statement of Claim ¶¶62-63)

Date: 11-2-11

Respectfully submitted,

David Matusiewicz
Movant
81910-004
P.O. Box 1010
Bastrop, TX 78602

2