PROB 12
(Rev. 2/94)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 08CR00069-001 (GMS) |
| | ) | |
| David Matusiewicz, | ) | REDACTED |
| | ) | |
| Defendant. | ) | |

**Petition on Probation and Supervised Release**

COMES NOW Walter Matthews PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of David Matusiewicz who was placed on supervision by the Honorable Gregory M. Sleet, sitting in the court in Wilmington, Delaware, on the 10th day of December 2009, who fixed the period of supervision at Five Years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1) At the direction of the probation officer, the defendant shall participate in mental health counseling.
2) The defendant shall adhere to the orders of the Family Court for New Castle County with respect to his contact with Laura Matusiewicz, Leigh Matusiewicz and Karen Matusiewicz.
3) Sixty days after the defendant's release from confinement, the probation office shall review the defendant's ability to pay any restitution balance and make an appropriate recommendation to the Court.

Criminal Monetary Penalties: Pay $200 special assessment.

Criminal Monetary Penalties: Pay restitution in the amount of $9,674 in monthly installments of not less than $100.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

(If short insert here; if lengthy write on separate sheet and attach)

Please see attachment

PRAYING THAT THE COURT WILL ORDER that the Petition executed on February 11, 2013 be amended to include the attached information, and that David Matusiewicz be ordered to appear before the Court to answer to the alleged violations of the conditions of supervised release.

ORDER OF COURT

Considered and ordered this 5th day of March, 2013.

Chief United States District Judge

I declare under penalty of perjury the foregoing is true and correct,

_____ U.S. Probation Officer

Wilmington, Delaware

Date: March 4, 2013

**FILED**

MAR 5 2013

U.S. DISTRICT COURT DISTRICT OF DELAWARE

Attachment

**Mandatory Condition:** "The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."

**Evidence A:** On February 12, 2013, during a search warrant conducted at                    , Edcouch, Texas 78538, ammunition was observed by law enforcement in plain view in at least one area of the residence, easily accessible by the defendant, including a magazine loaded with .45 caliber ammunition.

**Evidence B:** During execution of the same search warrant, agents located a key in a kitchen cabinet, easily accessible by the defendant, which fit a Recreational Vehicle (RV) located less than 10 feet from the residence. Inside the RV, law enforcement located a shotgun, at least one handgun, and ammunition, easily accessible by anyone having access to the RV.

**Standard Condition #3:** "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

**Evidence A:** On December 19, 2012, the defendant advised his probation officer that there were no firearms present in the residence,                    Edcouch, Texas 78538. However, during the search that was conducted on February 12, 2013, a safe containing two firearms was located in the residence. Additionally, three firearms were located in an RV parked less than 10 feet from the residence.

**Evidence B:** When the defendant requested permission to travel to New Jersey and Delaware to attend his court hearing, he left the Travel Permit Request form blank in the section which states, "Persons traveling with you"; thus indicating that the defendant would be traveling alone to New Jersey and Delaware. The defendant, however, failed to advise the probation officer that he intended to and did so travel with Lenore Matusiewicz, his mother and former coconspirator related to his underlying federal conviction of International Parental Kidnapping, and Thomas Matusiewicz, his father.

**Evidence C:** On January 8, 2013, the defendant requested permission to travel from the Southern District of Texas to the District of Delaware, and listed his lodging as follows: Kula Home, Thomas Kula, uncle,                    Bayville, NJ 08721. The purpose of the visit was to attend a Family Court hearing on February 11, 2013. Defendant Matusiewicz spent the night of February 10, 2013 at.                    Elkton, MD. He did not request nor was permission granted for him to stay anywhere but                    , Bayville, NJ.

**Evidence D:** On or about September 4, 2012, the defendant quit his job as a waiter, and informed his probation officer he wanted to get his optometry license restored. He failed to disclose to his probation officer that on or about September 17, 2012, he applied for social security disability benefits, citing a "disabling condition" dating back to February 28, 2009. On November 5, 2012, defendant falsely reported to his probation officer that he had an optometry license review scheduled for November 14, 2012. No such review was scheduled. He did not apply for license reinstatement until November 6, 2012, and his application for an optometry license was not received by the board until November 9, 2012. The application was returned to the defendant without action on November 13, 2012.

**Standard Condition #9:** "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."

**Evidence A:** In a statement provided by Lenore Matusiewicz to Delaware State Police on February 11, 2013, she advised that she and David Matusiewicz drove from Texas to Maryland in a Honda CRV. She further advised that her husband, Thomas Matusiewicz, drove separately from Texas to Maryland in a Honda Civic, because Thomas Matusiewicz carried a firearm with him "all the time," and that David Matusiewicz could not be around firearms. However, on February 7, 2013, after both vehicles arrived at                    Elkton, Maryland, Thomas Matusiewicz exited the Honda Civic and entered the Honda CRV, driven by David Matusiewicz. David, Thomas, and Lenore Matusiewicz then proceeded to the State of New Jersey. It is alleged that the defendant knowingly associated with Thomas Matusiewicz, who was in violation of Md. Code Ann. §§ 4-203(a)(1)(I), which prohibits the wearing, carrying, and transporting handguns, whether concealed or open on or about his person, or in a vehicle traveling on a road or highway.

**Evidence B:** In her statement to Delaware State Police on February 11, 2013, Lenore Matusiewicz advised that when she, David Matusiewicz, and Thomas Matusiewicz were at                    , Bayville, New Jersey, on February 10, 2013, as they were about to leave, Thomas Matusiewicz turned a handgun over to Thomas Kula, so that Mr. Kula could protect his family. The firearm was registered to David Matusiewicz. It is alleged that the defendant knowingly associated with

Thomas Matusiewicz, who was in violation of N.J. Stat. § 2C:39-5, which prohibits the unlawful possession of handguns, without first obtaining a permit to carry one.

**Evidence C:** On February 11, 2013, David Matusiewicz and Thomas Matusiewicz traveled from 26 Woodbine Circle, Elkton, Maryland, to the New Castle County Courthouse in Wilmington, Delaware, in the Honda CRV driven by David Matusiewicz from Texas. Thomas Matusiewicz was in possession of a firearm. A search of the vehicle conducted later revealed two boxes of ammunition. It is alleged that the defendant knowingly associated with Thomas Matusiewicz, who carried a concealed deadly weapon in the State of Delaware, in violation of 11 Del C. §1442.